THE GRANT-HOLUB CO. v. GOODMAN ET AL., PART-
NERS, D. B. A. H. GOODMAN & SON.

*Novation—Clear and definite intention by all parties required
—New contract and extinguishment of pre-existing debt
necessary—Original debtor not released by another's al-
leged assumption of debt, when—Part payment and note
given for balance by another—Intention to effect nova-
tion not established by evidence—Action to avoid novation
not required by pleading fraud, when—Novation not cre-
ated by accepting new note, without surrendering old—
Charge to jury—Novation by substitution of debts or
debtors to be distinguished.*

1. To effect novation, there must be clear and definite inten-
tion by all parties that such is purpose of agreement,
since novation is never presumed.
2. Evidence that debtor informed creditor that affiliated com-
pany might help in paying its account, and that creditor
thereby extended credit to debtor by taking its note and
check, which were not paid, did not show definite inten-
tion to effect novation of debt.
3. Alleged assumption of debt by company affiliated with
debtor company, by affiliated company paying part
of debt and giving note for balance, without showing
assent of creditor to substitution of debtors, did not
constitute novation releasing original debtor.
4. In suit for balance of unpaid account, defended on ground
of novation releasing defendant from liability, reply by
plaintiff that alleged substituted debtor and defendant
fraudulently deceived plaintiff in accepting note by sub-
stituted debtor, but that there was no agreement to dis-
charge defendant, did not plead confession and avoidance,
admitting novation but claiming it to be fraudulent so as
to require separate action by creditor to set aside alleged
novation.
5. Where debtor defaulted in payment of note and check
given for account, and creditor accepted note and check
of company affiliated with debtor, but original note of
debtor was not taken up at any time, there was nc

novation extinguishing original note or discharging original debtor.

6. Novation requires that pre-existing obligation must be extinguished.

7. Novation requires new contract to which all parties concerned must agree.

8. In action on unpaid account, defended on ground of novation, refusal to give propositions of law omitting distinction between novation where one debt is substituted for another and novation where one debtor is substituted for another, which was applicable to facts, *held* proper.

(Decided November 10, 1926.)

ERROR: Court of Appeals for Stark county.

*Messrs. Sieber, Sieber & Amer,* and *Mr. H. B. Webber,* for plaintiff in error.

*Messrs. Turner, Ake, Abt & Gnau,* for defendants in error.

SHIELDS, J.   At the May term, 1926, of the court of common pleas of Stark county, the defendants in error, as plaintiffs, recovered a judgment against plaintiff in error, as defendant, a corporation, for balance due on an unpaid account for merchandise furnished, as represented by the note here sued upon.

In its answer defendant for its first defense says: It had various business dealings with plaintiffs, and that prior to August 1, 1923, it owed plaintiffs the sum of $2,922.31 on an account.   That shortly after said time plaintiffs called upon the American Scrap Iron Company, a corporation, engaged in a similar business as that of defendant, and some of whose stockholders were also stockholders in de-

fendant company, and jointly interested therein, and requested said company to pay said account, or provide for its payment, and represented to said company that if such provision for its payment was made, plaintiffs would release defendant from all further obligation on said account. That such negotiations were had between them that the American Scrap Iron Company paid to plaintiffs the sum of $922.31 cash, and executed and delivered its note for the sum of $2,000 payable at 60 days. That at its maturity said company paid said note by a cash payment of $500 and by the execution and delivery to plaintiffs of the $1,500 note in suit. That during the year 1924, the said the American Scrap Iron Company became financially embarrassed and unable to meet its obligations to its creditors, and sought and secured an extension of time for the payment of its debts from its creditors, including plaintiffs. That the latter accepted the terms of said extension, and that by the terms of said extension said company claims it is not liable on said note in this action.

In their second amended reply to said answer, plaintiffs admit that defendant and the American Scrap Iron Company were largely owned and operated by the same persons, and that the original note in question was reduced to $1,500 by the payment of $500 as a credit thereon, the balance of which said note remains unpaid. Further replying, they aver that the representatives of defendant and the American Scrap Iron Company in treating with plaintiffs in the adjustment of their said account well knew that the latter named company was insolvent and unable to pay its debts, but did not

disclose such fact to plaintiffs, and the officers of said company represented to them that both the defendant and the said American Scrap Iron Company were not only solvent, but in business matters were one and the same corporation; that relying on their representations, plaintiffs accepted and received the promissory note in suit of the American Scrap Iron Company, but plaintiffs say that said representations were false and made to deceive plaintiffs, and further aver that there was no agreement between them and the said representatives of the defendant and the American Scrap Iron Company that defendant should be discharged from liability to plaintiffs on said account if provision was made to take care of the same by the American Scrap Iron Company, and they deny that defendant was ever released or discharged from its liability to plaintiffs on said account.

As to the compromise agreement signed by plaintiffs in common with other creditors of the American Scrap Iron Company, they say that said proposition was presented to and accepted by plaintiffs who aver the fact to be that said proceedings grew out of a conspiracy on the part of said corporations to cheat and defraud the creditors of defendant by inducing them to accept the worthless obligation in the form of a note from the American Scrap Iron Company, all of which was unknown to plaintiffs, but known to said corporations, and plaintiffs deny each and every averment of defendant's answer not expressly admitted or denied.

A verdict and judgment followed in favor of plaintiffs below for $1,732.50, which said judgment is sought to be reversed.

After disposing of a preliminary motion involving the right of plaintiffs to file a second amended reply, on a motion being submitted by defendant for judgment in its favor on the pleadings, as then filed, the real issue in the case as raised by the pleadings was whether or not a novation agreement was made and entered into by the parties hereto, whereby defendant should be discharged from the original indebtedness to plaintiffs, and the American Scrap Iron Company should be substituted as the debtor of plaintiffs. Of course if such an agreement was pleaded and followed up by the requisite proof under the law it would constitute a novation which would release defendant from liability on the cause of action here sued upon.

The first inquiry then is, Was there a novation? If so, was it pleaded, and, if so, were the parties duly authorized to act in the premises? Plaintiff in error claims there was a novation and that the same was pleaded, while defendants in error claim there was no novation in law and that no such novation was pleaded.

From the record evidence it appears that on July 3, 1923, plaintiff in error was owing defendants in error the sum of $2,922.10 on an account for merchandise, payment of which was being urged, that A. Goodman, one of defendants in error, personally called at plaintiff in error's place of business in Canton, Ohio, where he was advised by one S. E. Rosenfelt, secretary of said company, that the company was unable to pay the account, but suggested that the American Scrap Iron Company at Akron, Ohio, an affiliated company with plaintiff in error, might help out in the payment

of said account. Thereupon said secretary and
said Goodman went to Akron on said day and there
conferred with Harmon, auditor of the American
Scrap Iron Company, which conference resulted in
a note of plaintiff in error being executed and de-
livered to defendants in error for $1,900, payable
at 60 days, and its check for the balance of the
account, neither of which was paid. It further ap-
pears that afterward, on August 13, 1923, the said
Goodman again called at the office of the American
Scrap Iron Company at Akron, in the interest of
said defendants in error's account, and that after
conferring with said auditor and a Mr. Holub a
note of the American Scrap Iron Company was
given to Goodman for defendants in error for $2,-
000, and a check for the balance of said account,
which check was paid, and the sum of $500 later
paid and credited on said note, leaving unpaid
thereon the sum of $1,500.

Do the foregoing facts show a novation? In the
case of *Jarmusch* v. *Otis Iron & Steel Co.*, 3 C. C.
(N. S.), 1, 13 C. D., 122, it is held:

"The requisites of a contract of novation are:
(1) A previous valid obligation; (2) an agreement
of the old parties to the new contract, that is, of
the two parties to the old contract and the party to
the new contract; (3) that the new contract shall
be so complete as to extinguish the old contract;
(4) the making of a valid new contract."

In *Gerlaugh* v. *Riley*, 2 N. P. (N. S.), 107, 14 O.
D. (N. P.), 557, it is held:

"Where discharge of obligation is plead by way
of novation or substitution of a new party to be
debtor, all three parties, the original creditor, the

original debtor and the alleged new debtor must all agree to the substitution of the new obligation.

"In such case the only consideration would be the discharge of the original debtor from his first obligation, and when the release, discharge and extinguishment of the original obligation is not agreed upon by the three parties, either in part or as a whole, there would be no consideration for the new contract and the same would be void.

"The substitution may be in the debt, debtor or creditor, but there must be an unconditional agreement of all the parties to the new contract of release, discharge or extinguishment of the former contract and substitution."

See, also, 20 Ruling Case Law, pp. 359-367.

It is held by all authorities on the subject that "in order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well-settled principle that novation is never to be presumed." Applying this doctrine to the conversation between said Rosenfelt and Goodman on the occasion of the latter's first visit to plaintiff in error's place of business in Canton, it can hardly be said that there was then "a clear and definite intention" in the mind of either of novating said debt, for Rosenfelt is quoted as having said to Goodman, in substance, that the American Scrap Iron Company sometimes helped plaintiff in error pay its debts, and it may do the same in this instance. The Akron visit by the parties was evidently made with this one purpose in view, and after a conference had with Holub plaintiff in error did no more than it was required to do to pay its

own debt, having effected an arrangement whereby credit was extended to it by the defendants in error consenting to take its note and check, as stated, neither of which was paid, nor does it appear that there was any assignment of said indebtedness. The alleged assumption of a debt by another, as averred in plaintiff in error's answer, could not constitute a novation, under the doctrine laid down in 20 Ruling Case Law, p. 369:

"The effect of a novation by the substitution of a new debtor is to extinguish the liability of the original debtor. For obvious reasons the mere assumption of the debt by the new debtor cannot have this effect. It is not within the power of the original debtor to release himself from liability by contracting for the assumption of the debt by another. There can therefore be no doubt that in order to effect a novation by the substitution of a new debtor, the assent of the creditor to the substitution is essential."

But we are inclined to think from a reading of the record that, if there was a novation agreement, under the history of this transaction it must have occurred on the occasion of the second call of the witness, Goodman, at the American Scrap Iron Company's office in Akron, on August 13, 1923, when he met and had a conference with Harmon and Holub concerning defendants in error's said claim. If we read the record correctly, it was then for the first time that the American Scrap Iron Company pledged its credit for the accommodation of plaintiff in error by executing its note for $2,000 and giving its check to defendants in error for something like $900, as hereinbefore stated. Coun-

sel for plaintiff in error claim that the second amended reply of plaintiffs below shows that a novation had been made, but that plaintiffs claimed that it had been brought about by the false and fraudulent representations of defendant company and the American Scrap Iron Company, and that, if such facts were true, the only relief to which plaintiffs would be entitled would be to bring an independent action in equity against the Grant-Holub Company and the American Scrap Iron Company to have the alleged novation set aside, as its first cause of action, and then to sue the Grant-Holub Company upon account, as a second cause of action, as a prerequisite to which suit the duty would rest upon the plaintiff to restore that which it had obtained as a result thereof to the parties from whom it had received it, namely, return to the American Scrap Iron Company the $1,422.31 it had received, citing in support thereof the case of *Perry* v. *M. O'Neil & Co.,* 78 Ohio St., 200, 85 N. E., 41. The principle of law here cited is undoubtedly good law, but the trouble lies in the want of its application to the case before us. The case here presents no case upon a pleading that was to be considered in the nature of a confession and avoidance, and how the case cited can apply to the instant case we are not able to understand, for as we read defendants in error's amended reply no admission whatever is made therein that there was a novation; on the other hand it is denied *in toto.* Recurring to the occasion of said Goodman's second call at the office of the American Scrap Iron Company, at Akron, on August 13, 1923, it appears that after plaintiff in error defaulted in the pay-

ment of its $1,900 note and its $1,000 check defendants in error renewed their efforts to collect their account, and they say that after the said Harmon and Holub conferred together they caused to be executed to defendants in error a note of the American Scrap Iron Company for $2,000, and its check for $900, as stated. Said check has been paid, and $500 on the principal of its said note has been paid. Was this a novation? Under the rule already stated, the pre-existing obligation must be extinguished or there is not a novation. Neither at the time nor after the execution of said note and check was the original note of plaintiff in error taken up, nor does it appear that the same was the subject of discussion, and, if not, there could not have been an extinguishment of said original note of plaintiff in error. It is also a well-settled principle of law that the essential element of every novation is a new contract to which all the parties concerned must agree, as was noted in the case of *Gerlaugh* v. *Riley,* already cited. If there was nothing said upon the subject, said transaction would scarcely come within the rule already referred to, that there must be a clear and definite intention on the part of all concerned that such (a novation) was the purpose, nor do we find that said Harmon and Holub, or either of them, was authorized by the American Scrap Iron Company to enter into any such contract, as claimed. In the answer of plaintiff in error it is averred that by virtue of such action it was agreed by all the parties concerned that plaintiff in error should be discharged and that the American Scrap Iron Company should be substituted for said plaintiff in error. We do not so read the record.

Among the exceptions taken to the charge of the trial court was its refusal to give certain propositions of law in charge to the jury. In noticing such requests, it is apparent that counsel in preparing them omitted to recognize the distinction between a novation where one debt is substituted for another and a novation where one debtor is substituted for another, a distinction necessary to be observed in the application of the admitted facts in this case with respect to the parties participating in the alleged substitution of the new debtor for plaintiff in error and the original debt of said latter named company thereby becoming extinguished.

We find no error in the action of the trial court in refusing to give the propositions of law submitted.

*Judgment affirmed.*

Houck, P. J., and Lemert, J., concur.