SHERWIN-WILLIAMS CO. v. GLENN PAINT & WALL PAPER CO. et.

Ohio Appeals, 7th Dist., Columbiana Co.

No. 378. Decided Nov. 17, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

853. NOVATION—

1. Indebtedness may be assumed by new party without release of old party.
2. Novation is agreement to release previous debtor and look only to subsequent debtor.
3. Contract of novation need not be by express agreement, but may be implied from facts and circumstances attending transaction and conduct of parties thereafter.

Error to Common Pleas.

Judgment affirmed.

W. S. Stevenson, East Liverpool. for Sherwin-Williams Co.

Hill & Davidson, East Liverpool, for Paint & Wall Paper Co.

STATEMENT OF FACTS.

Previous to June, 1923, W. L. Glenn was a merchant in the city of East Liverpool engaged in the sale of paint, and was indebted to the Sherwin-Williams Company in about $7,500.00, part of which was evidenced by a promissory note for $5,445.72. At that time, Glenn entered into a partnership with A. E. Karagianis and J. C. Cunningham, for the further prosecution of the paint business, and also the sale of wall paper.

The Sherwin-Williams Co. received, from this partnership, a note for the amount of the note previously given by Glenn individually, which subsequent note was signed by all three partners. Business was conducted by this partnership until December, 1923, when the partners incorporated their business under the name of The Liverpool Paint & Wall Paper Co. The corporation commenced business on January 1, 1924. A short time thereafter, two members of the partnership made a trip to Cleveland and called at the office of the Sherwin-Williams Co., met the Credit Manager of that Company, submitted a statement of the business of the corporation, related its formation, the fact that it was carrying on the former business of the partnership, the details of the business of this corporation, its prospects and probability for its success. These matters were gone into to a considerable extent, and advice as to the management of the business was given by Mr. Campbell, the Credit Manager and a Mr. Kent who was a sort. of general salesman for The Sherwin-Williams Co.

The result of this conference was that Mr. Campbell expressed pleasure in the creation of the corporation and a desire on the part of the Sherwin-Williams Co. to continue to sell goods to this corporation. Expressions of belief were indulged in that a desirable thing was being done in incorporating the business, and the name of the partnership was erased and withdrawn from the Sherwin-Williams Company's books and the name of the corporation substituted.

Subsequently the Sherwin-Williams Co. sent statements of account, containing the note of the partnership as previously given as an item of indebtedness of the corporation, and asked for remittance from the corporation. Admittedly no demand was thereafter made upon the partnership or the individual signers of the note for payment of this note; nor was their attention, in such manner, ever called to it.

An action was begun against the corporation, including this note, which was afterwards withdrawn or discontinued by reason of the insolvency, perhaps, of the corporation.

OPINION OF COURT.

The following is taken verbatim, from the opinion.

ROBERTS, J.

Under this situation, it is claimed by the

defendants in error that there was, in law, a novation by which, by reason of the mutual conduct of the transacting parties, The Sherwin-Williams Company released its previously existing debtor, the partnership, and the corporation became the debtor; that this was, in effect, mutually agreed to by all . of the three parties.

The proposition is recognized in law that there may be an assumption of an indebtedness by a new party without a release of the old party. This does not state a novation, but there may be an agreement to release the previous debtor and look anly to the subsequent debtor. This is the real dispute in this case. Was there a novation and a release of the partnership?

It is held, in the case of Insurance Company v. Hoyer, 66 OS. 344, that the conrtact of novation need not be by any express agreement but may be implied from the facts and circumstances attending the transaction and the conduct of the parties thereafter.

Taking into consideration all of the testimony in the case, with such deductions as may properly be made therefrom, we are inclined to think that there was considerable reason for the determination of the Common Pleas, in favor of the defendant in error, that there was a novation and the partnership was released.

This court, of course, approaches this proposition on the weight of the evidence in a manner somewhat different from the way necessarily considered by the Common Pleas Court, that is to say, that court determines the weight of the evidence. This court may only say that determination was wrong, can only reverse when it can be said that it is against the manifest or decided weight of the evidence, and that it is a conclusion which this court is unable to reach, and does find that there was no prejudicial error in this case and the judgment of the Court of Common Pleas is affirmed.