**Ernest WILLIAMS, Petitioner,**

v.

**LaMoyne GREEN, Superintendent, Marion Correctional Institution, Respondent.**

**No. C 66–237.**

United States District Court
N. D. Ohio, W. D.

July 13, 1967.

John C. Huffer, Toledo, Ohio, for petitioner.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent.

OPINION

DON J. YOUNG, District Judge.

This case was previously before this Court in case No. C 66–93, 254 F.Supp. 245. In May of 1966, the petition for habeas corpus was dismissed because post-conviction proceedings in the state courts were still pending undisposed of. Those proceedings have since terminated adversely to petitioner, exhausting his remedies under the state law.

The serious complaint of the petitioner is that he was not represented by counsel at the time of his plea of guilty to an information for armed robbery.

Although the state post-conviction proceeding statutes provide for the assignment of counsel, petitioner was without counsel until after filing his action in this Court, when a member of the local bar, acting in the highest traditions of the legal profession, volunteered to serve as petitioner's attorney. Through his able efforts, a record has been made up which, without the necessity of having an evidenciary hearing, clearly exhibits the technical problems presented. Petitioner's own untutored efforts had confused the real issue presented with a series of problems of unlawful search and seizure, improper interrogation, improper delay in arraignment, and similar alleged wrongful police actions, concerning which inquiry was foreclosed by petitioner's plea of guilty.

The respondent has moved to dismiss the petition upon the ground that at the same time that petitioner was sentenced on the charge in question, he was also found guilty of violation of probation on two prior indictments. Sentence was imposed upon those charges also, the sentences on all three charges to run concurrently. The sentences on the indictments have not been attacked, and have not yet run. Petitioner thus has not shown himself entitled to immediate release even if his contentions about lack of counsel are well taken.

Petitioner contends that since his violation of probation is based upon his im-

proper conviction, under the ruling of this Court in DiMarco v. Greene, 254 F.Supp. 776 (N.D. Ohio 1966), the petitioner is still entitled to release.

Before considering the highly technical legal problems presented by the opposing contentions concerning DiMarco v. Greene, it would seem better to consider the merits of the real issue, that of petitioner's lack of counsel at the time of his arraignment and sentencing.

Attached to the respondent's motion to dismiss is a copy of the journal entry of the trial court, reciting that the petitioner in open court and in writing affirmatively and voluntarily waived his right to be represented by counsel and his right to be prosecuted by indictment. Also attached is a typewritten waiver of counsel signed by the petitioner.

Fortunately, a complete transcript of the proceedings at the time the written waiver was signed is before the Court, under which the written documents appear in a considerably different light than they do on their face.

It appears that on March 16, 1962, petitioner's co-defendant, Eddie Elton, and petitioner were brought into court. An assistant prosecuting attorney stated that the two defendants wished to waive grand jury action and come before the court on information.

The court then called the co-defendant Elton forward, and explained the waiver of indictment to him. The court also said to Elton,

"All right. Also under the law and under the Constitution—and these rights you have under the Constitution —you would be entitled to counsel to represent you in court. Do you want to waive counsel?"

Elton answered "Yes," and was told to sign both waivers.

The court then called petitioner and the following colloquy took place.

"Court: * * * Now, Ernest, you have heard what I have said to Eddie concerning the waiver of indictment by the Grand Jury?

"Williams: Yes, sir.

"Court: Do you understand that procedure as compared to the information procedure we're using here today?

"Williams: I do.

"Court: And it is your desire to waive indictment by Grand Jury, is that correct?

"Williams: That's correct.

"Court: And you also waive the right of counsel to represent you in this matter, is that correct?

"Williams: That's correct."

The court then handed the waivers to the two prisoners, and after further talk between Elton and the court, the waivers were signed. The court then asked each of them whether the signing was his free and voluntary act and deed, without any threats or promises of any kind.

The proceedings were then interrupted while the informations were filed and service was made upon the two prisoners. Thereafter, the petitioner waived reading of the information, and the statutory requirement of one day's time between service and arraignment, and pleaded guilty to the information. There was no further discussion of petitioner's right to counsel.

The respondent relies upon the written and oral waivers of the right to counsel, and further relies on the ruling of this Court in the case of Elton v. Green, No. C 66–236 (Feb. 23, 1967), holding that the co-defendant Elton was properly informed of his right to counsel and knowingly waived it. The Circuit Court of Appeals for the Sixth Circuit denied Elton's application for a certificate of probable cause in a memorandum opinion. Elton v. Green, Misc. No. 364, (6th Cir. 1967).

The petitioner contends that in order for waiver of counsel to be effective, it must be made after the charge has been filed and served upon the defendant. In this case, any information given petitioner as to his right to counsel, and the written waiver which he signed, were part of the proceedings prior to the actual filing of the information. When the petitioner, after some interval of time, was actually

arraigned upon the charge giving rise to his sentence, he was not informed of his right to counsel, nor did he waive it.

On this same basis, the petitioner distinguishes his case from Elton's case by showing that the transcript in Elton's case was incomplete, and did not show that there was an interval between the waiver of indictment and the arraignment.

The Court looks at the matter from a somewhat different standpoint. The important thing about the proceedings in the trial court is not the fact that the waiver, if any, was before the charges were filed, rather than upon the subsequent arraignment. The important thing is that there were two prisoners before the trial court. That court took some pains to inform petitioner's co-defendant as to his rights to presentment and to counsel. Presumably he heard and understood what was said to him. The trial court said nothing to the petitioner about his right to counsel, nor did it ask him if he heard what had been said to his co-defendant about it. The court merely said, "And you also waive the right of counsel to represent you in this matter, is that correct?"

■■ In view of the rule that courts indulge every reasonable presumption against waiver of fundamental constitutional rights, Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938), and that the record must show that an accused was offered counsel but intelligently and understandingly rejected the offer, Carnley v. Cochrane, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), the mere signing of a written waiver which was only one of several papers signed, and a statement to the prisoner that he waived counsel can hardly be sufficient. In many respects the situation of petitioner here resembles that presented in Meadows v. Maxwell, 371 F.2d 664 (6th Cir. 1967), in which a general instruction about the right of counsel to a group of prisoners was held insufficient as a basis for intelligent and understanding waiver of the right to counsel by the petitioner.

■ It therefore appears that the petitioner's contention that he was deprived of his right to counsel is meritorious, and that if this were the only issue involved in this matter, the respondent's motion to dismiss should be overruled.

Thus we return to the problem presented by the unexpired sentencing on the two prior indictments, which have not been attacked by the petitioner.

It does not appear to the Court that the same situation is presented here as was presented in DiMarco v. Greene, supra. In that case, after petitioner was convicted, sentenced, and delivered to the penitentiary, the Parole Board revoked his parole by an order reciting the conviction as the only ground for revocation. In this case, the transcript shows that after the petitioner pleaded guilty to the information filed against him, the prosecuting attorney recited facts which clearly showed a violation of the conditions of petitioner's probation. The court then called the petitioner forward on the two indictments, made a finding that he was in violation of the conditions of his probation on those charges, and gave him an opportunity to show cause why sentence should not be pronounced against him upon those indictments, which petitioner did not do.

■■ At the present time, at least, the law does not require a formal hearing, complete with notice, counsel and a following of the strict rules of evidence, before a court can find a violation of probation. Probation is still a matter of grace, and hopefully will remain so.

■ Quite apart from petitioner's plea of guilty to the information, which is held invalid since it is based upon a failure to comply with constitutional requirements as to counsel, there was enough before the trial court to warrant revocation of probation and imposition of sentence on the old indictments. Petitioner is therefore properly in the respondent's custody under those sentences, and is not entitled to his immediate release from confinement.

When petitioner's sentences upon the earlier charges have run, he can renew his application to this Court. In that respect he will be in no worse position than Mr. DiMarco, who, shortly after he was released upon this Court's writ, was arrested upon a warrant for violation of his parole, found in violation, and returned to prison.

An order will be entered sustaining the respondent's motion to dismiss and dismissing the petition.