CITIZENS STATE BANK, APPELLEE, *v.*
RICHART ET AL., APPELLANTS. ■

*Messrs. Clark & Eyrich* and *Mr. Albert H. Eyrich, Jr.,* for appellee.

*Messrs. Cohen, Todd, Kite & Stanford* and *Mr. Marshall C. Hunt, Jr.,* for appellants.

(No. C-830594 — Decided June 6, 1984.)

*Per Curiam.* This cause came on to be heard upon appeal from the Court of Common Pleas of Hamilton County, Ohio.

This timely appeal follows the trial court's denial of appellants' motion for a new trial.

On May 14, 1976, appellants Robert P. and Wilma M. Richart executed a note to appellee, in the amount of $150,000, which was secured by a mortgage on appellants' Hamilton County residence, and by 50.97 acres of development land bordering East Fork Lake owned by appellants. Appellants subsequently failed to make payments and the note was in serious default. In 1978, Thomas Behrens, the president of appellee Citizens State Bank, introduced Robert Richart to D. Gerald Lach. As a result, it was agreed that appellants would convey the East Fork Lake property to East Fork, Ltd., a limited partnership controlled by Lach. In return, East Fork, Ltd. paid appellee $18,708.32 in back payments and assumed future payments on the loan. Appellee approved both the sale of the East Fork Lake property and the assumption of the loan by East Fork, Ltd. In 1978 appellee released eight acres of the East Fork Lake property to East Fork, Ltd. The release was recorded August 17, 1979. An additional release of five acres was granted by appellee in October 1979. East Fork, Ltd. continued to make payments to appellee until March 1980. Appellee, aided by Robert Richart, unsuccessfully attempted to collect the loan from East Fork, Ltd. In August 1981, appellee filed the complaint in foreclosure which is the subject of the case *sub judice.*

After a bench trial, the trial court held that appellants were liable to appellee on the mortgage note. Appellants filed a motion for a new trial which the trial court overruled. On July 5, 1983, the trial court issued a "Supplemental Judgment and Decree for Sale" which ordered the sale of appellants' Hamilton County residence. Appellants appeal from the trial court's denial of their motion for a new trial.

Appellants' sole assignment of error alleges:

"The trial court erred to the prejudice of the defendants Richart in overruling their motion for new trial and in sustaining the judgment and decree for sale and the supplemental judgment and decree for sale."

Appellants first argue that the trial court erred as a matter of law in overruling appellants' motion for a new trial. Appellants contend that the assumption agreement entered into between appellants and East Fork, Ltd. operated, as a matter of law, as a novation of the mortgage note which released appellants from liability on the note. This argument is without merit. As pointed out by the trial judge in his decision, one of the basic requirements of a novation is the intention of the parties to the original contract to completely do away with the original contract obligation. *Garrett* v. *Lishawa* (1930), 36 Ohio App. 129. The requirement of intent was discussed in *Grant-Holub Co.* v. *Goodman* (1926), 23 Ohio App. 540, 546, where the court stated:

" 'The substitution may be in the debt, debtor or creditor, but there must be an unconditional agreement of all the parties to the new contract of release, discharge or extinguishment of the former contract and substitution.'

"* * *

"It is held by all authorities on the subject that *'in order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well-settled principle that novation is never to be presumed.'* " (Emphasis added.)

The matter of intent is a question of fact to be determined by the trier of fact. Therefore, the trial court did not err in holding that the assumption agreement did not, as a matter of law, operate as a novation.

Appellants also argue that the trial court erred in holding that appellants, as makers of the note, are not entitled to the protections under R.C. 1303.72. R.C. 1303.72 provides in pertinent part:

"(A) The holder discharges any party to the instrument to the extent that without such party's consent the holder:

"(1) without express reservation of rights, releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person, except that failure or delay in effecting any required presentment, protest, or notice of dishonor with respect to any such person does not discharge any party as to whom presentment, protest, or notice of dishonor is effective or unnecessary; or

"(2) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse."

Appellants contend that the releases of land granted to East Fork, Ltd. by appellee unjustifiably impaired appellants' collateral and that appellants are relieved from liability on the mortgage note under R.C. 1303.72(A)(2). In the alternative, appellants argue that if appellants are not released from full liability, they should be released to the extent of the value of the released property. These arguments are meritless.

R.C. 1303.72 is the Ohio codification of U.C.C. 3-606. The Official Comments to U.C.C. 3-606 state in pertinent part:

"1. The words 'any party to the instrument' remove an uncertainty arising under the original section. The suretyship defenses here provided are not limited to parties who are 'secondarily liable,' but are available to any party who is in the position of a surety, having a right of recourse either on the instrument or dehors it, including an ac-

commodation maker or acceptor known to the holder to be so.''

The Official Comments to U.C.C. 3-606 reveal that it is meant to be a codification of various suretyship defenses. *Provident Bank* v. *Gast* (1979), 57 Ohio St. 2d 102, 106 [11 O.O.3d 290]. Therefore, R.C. 1303.72 applies only to those in the position of surety and it does not apply to makers.

In Ohio, the maker of a note remains primarily liable for the debt after the assumption of the debt by a third party. *Washer* v. *Tontar* (1934), 128 Ohio St. 111; *Denison Univ.* v. *Manning* (1901), 65 Ohio St. 138. The maker of a mortgage note is not transformed into a surety by virtue of an assumption of his note by another party. *Id.* The trial court correctly concluded that the appellants continued as makers of the note and did not become sureties as to appellee upon the assumption of their mortgage note by East Fork, Ltd. Therefore, the trial court correctly held that appellants, as makers of the mortgage note, are not protected by the provisions of R.C. 1303.72.

Finally, appellants argue that the trial court abused its discretion in overruling appellants' motion for a new trial because the judgment is not sustained by the weight of the evidence. Appellants contend that the evidence clearly shows that the intent of all parties was that the assumption agreement was to operate as a novation of the original contract, releasing appellants from liability as makers of the mortgage note. We disagree. The trial court, as trier of fact, determined that there was no evidence of a definite intent on the part of appellee to effect a novation of the original contract and to accept East Fork, Ltd. as the sole debtor. There was sufficient, probative evidence adduced at trial to support the trial court's determination. We hold that the trial court did not abuse its discretion in overruling appellants' motion for a new trial.

Appellants' assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and DOAN, JJ., concur.