MONEYWATCH COMPANIES, Appellee,

v.

WILBERS, Appellant.

[Cite as *Moneywatch Cos. v. Wilbers* (1995), 106 Ohio App.3d 122.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–03–055.

Decided Aug. 28, 1995.

**124**

*William L. Bowen,* for appellee.

*Thomas G. Eagle,* for appellant.

POWELL, Judge.

Defendant-appellant, Jeffrey Wilbers, appeals a decision of the Butler County Court of Common Pleas in favor of plaintiff-appellee, Moneywatch Companies, in a breach of contract action.

In December 1992, appellant entered into negotiations with appellee, through its property manager, Rebecca Reed, for the lease of commercial property space in the Kitty Hawk Center located in Middletown, Ohio. During the negotiations, appellant indicated that he intended to create a corporation and needed the space for a golfing business he wanted to open. Reed testified that although appellant told her that he would be forming a corporation, she advised appellant that he would have to remain personally liable on the lease even if a corporation was subsequently created. Appellant testified that he never intended to assume personal liability on the lease and that appellee never advised him that he would have to be personally liable under the lease. At appellee's request, appellant submitted a personal financial statement and business plan.

On December 23, 1992, a lease agreement was signed naming appellee as landlord and "Jeff Wilbers, dba Golfing Adventures" as tenant. The lease agreement provided that rent would not be due until March 1, 1993. On January 11, 1993, articles of incorporation for "J & J Adventures, Inc." were signed by "Jeff Wilbers, Incorporator." On February 3, 1993, a trade name registration was signed for "Golfing Adventures" to be used by J & J Adventures, Incorporated. On February 8, 1993, the Ohio Secretary of State certified the corporation and approved the trade name registration.

Appellant notified appellee of the incorporation of J & J Adventures, Inc. and asked that the name of the tenant on the lease be changed from "Jeff Wilbers, dba Golfing Adventures" to "J & J Adventures, Inc., dba Golfing Adventures." In a letter dated March 1, 1993, from appellee to appellant, appellee informed appellant that the name of the tenant on the lease would be so changed and that "[t]his name change shall be deemed a part of the entire Lease Agreement." Reed testified that appellant did not request a release of personal liability under

the lease at this time. Appellant testified that he did not seek release of personal liability because he never thought he was personally liable under the lease.

Throughout the lease period, rent was paid with checks bearing the corporation's name and address. The address listed on the checks was the address of the leased property. The rent checks for March and April 1993 were signed by "Judy G. Wilbers—Secretary/Treasurer" and rent checks signed in July and August, 1993, were signed by "J & J Adventures, Inc. By Jeffrey Wilbers—president." However, all correspondence from appellee to appellant was addressed to "Jeff Wilbers" and mailed to his home address.

At some time during 1993, the corporation defaulted and vacated the premises. Appellee brought a breach of contract action against appellant in his personal capacity. After a bench trial, the trial court entered judgment in favor of appellee and ordered appellant to pay appellee the sum of $13,922.67 plus interest and costs. It is from this decision that appellant now appeals, setting forth the following assignment of error:

"The trial court erred in granting judgment in favor of the plaintiff."

In his sole assignment of error, appellant contends that he is not personally liable under the lease agreement because a novation was accomplished by the substitution of "J & J Adventures, Inc., dba Golfing Adventures," a corporate party, for "Jeff Wilbers, dba Golfing Adventures," an individual party. A novation occurs "where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration." *McGlothin v. Huffman* (1994), 94 Ohio App.3d 240, 244, 640 N.E.2d 598, 601. In order to effect a valid novation, all parties to the original contract must clearly and definitely intend the second agreement to be a novation and intend to completely disregard the original contract obligation. *Citizens State Bank v. Richart* (1984), 16 Ohio App.3d 445, 446, 16 OBR 516, 517–518, 476 N.E.2d 383, 385–386; *Sherwin–Williams Co. v. Glenn Paint & Wall Paper Co.* (App.1927), 6 Ohio Law Abs. 101 (novation is an agreement to release a previous debtor and look only to a subsequent debtor). In addition, to be enforceable a novation requires consideration. *Wilson v. Lynch & Lynch Co., L.P.A.* (1994), 99 Ohio App.3d 760, 651 N.E.2d 1328. A novation can never be presumed. *Citizens State Bank*, 16 Ohio App.3d at 446, 16 OBR at 517–518, 476 N.E.2d at 385–386.

In this case, it is undisputed that both parties agreed to the substitution of the corporation in place of appellant as tenant on the lease. However, there is no clear and definite intent on appellee's part to create a new contract through novation. The record indicates that appellee made statements during the negotiation and execution of the lease to the effect that appellant would have to be

personally liable on the lease even if a corporation were formed, that all correspondence from appellee to appellant was mailed to appellant, individually, at his home address, that there was no release of appellant from personal liability under the lease at the time of the name change, and that the lease was not re-executed at the time of the name change and appellant's personal signature, rather than a signature on behalf of the corporation, remained on the lease. Thus, we find insufficient evidence in the record which would indicate an intent on appellee's part to release appellant from individual liability and look solely to the corporation in the event of a breach.

██ Further, a review of the record indicates a lack of consideration for the novation alleged to have occurred by the substitution of the corporation for appellant as tenant on the lease agreement. A novation must have consideration to be enforceable. *Wilson, supra.* Where the parties to a contract and a third party are all in agreement that one party will be released from the contract obligations and the third party substituted in its place, a novation has occurred and additional consideration, over and above the release and substitution, is not required. *Bacon v. Daniels* (1881), 37 Ohio St. 279, 281–282. As this court stated in *McGlothin, supra,* 94 Ohio App.3d at 244, 640 N.E.2d at 601, "[t]he discharge of the existing obligation of a party to a contract is sufficient consideration for a contract of novation."

In this case, the substitution of tenant names on the lease does not constitute a novation because there was no discharge of appellant from his original obligations under the lease. *Grant–Holub Co. v. Goodman* (1926), 23 Ohio App. 540, 547, 156 N.E. 151, 153–154. Likewise, the record does not indicate a benefit flowing to appellee by accepting the substitution of tenants. In the absence of a release and benefit to the respective parties, there is insufficient consideration to support a novation. Under the circumstances, we find that the substitution of tenant names on the lease agreement does not constitute a novation.

Appellant also contends that he is not personally liable under the lease agreement because he executed the lease as a corporate promoter on behalf of a future corporation.

██ Corporate promoters are "those who participate in bringing about the organization of an incorporated company, and in getting it in condition for transacting the business for which it is organized." *Yeiser v. United States Bd. & Paper Co.* (C.A.6, 1901), 107 F. 340, 344; *Cooper v. Stetler* (June 18, 1981), Cuyahoga App. No. 42885, unreported, 1981 WL 10353. A promoter is not personally liable on a contract made prior to incorporation which is made "in the name and solely on the credit of the future corporation." *Stewart Realty Co., Inc. v. Keller* (1962), 118 Ohio App. 49, 51, 24 O.O.2d 373, 374, 193 N.E.2d 179,

181. Further, a corporation does not assume a contract made on its behalf by the mere act of incorporation. *Hamilton Hotel Corp. v. Bee Hotel Mgt., Inc.* (C.P.1965), 12 Ohio Misc. 114, 117–118, 39 O.O.2d 352, 354–355, 41 O.O.2d 113, 230 N.E.2d 742, 744–745.

In addressing the issue of promoter liability on contracts executed on behalf of a corporation to be formed in the future, the Ohio Supreme Court recently stated:

"It is axiomatic that the promoters of a corporation are at least initially liable on any contracts they execute in furtherance of the corporate entity prior to its formation. The promoters are released from liability only where the contract provides that performance is to be the obligation of the corporation, the corporation is ultimately formed, and the corporation then formally adopts the contract.

" * * *

"Moreover, mere adoption of the contract by the corporation will not relieve promoters from liability in the absence of a subsequent novation. * * * Consequently, the promoters of a corporation who execute a contract on its behalf are personally liable for the breach thereof irrespective of the later adoption of the contract by the corporation unless the contract provides that performance thereunder is solely the responsibility of the corporation." (Citations omitted.) *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 523–524, 639 N.E.2d 771, 781.

In this case, appellant can be deemed a promoter because he participated in bringing about the organization of the corporation and in getting it ready for business. However, the original lease was not made "in the name and solely on the credit of the future corporation." *Stewart Realty Co., supra.* To the contrary, the lease was executed by appellant, individually, on his own credit, as evidenced by the submission of appellant's personal financial statement during the negotiation and execution of the lease.

 Promoters are released from personal liability under the terms of a contract only where the contract provides that performance is to be the obligation of the corporation, the corporation is ultimately formed and the corporation formally adopts the contract. *Illinois Controls, supra,* 70 Ohio St.3d at 523, 639 N.E.2d at 781. In this case, the lease agreement does not provide that the corporation will be exclusively liable under its terms even though the corporation is now listed as tenant. In fact, appellant's individual signature remains on the lease agreement. See *Spicer v. James* (1985), 21 Ohio App.3d 222, 223, 21 OBR 236, 237–238, 487 N.E.2d 353, 354–355 (where lease agreement involving a corporate tenant is signed by corporate officers twice, once individually and once in their corporate capacities, corporate officers remain individually liable under the lease). In addition, there is no evidence that the corporation, once formed,

formally adopted the lease agreement as executed by appellant. In the absence of the necessary steps which must be taken to ensure that appellant is not personally liable and the corporation is solely liable under the lease, appellant is liable under the lease.

In cases where the court acts as the trier of fact, review is restricted to whether there is some evidence in the record to support the trial court's findings. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277; *State ex rel. Fisher v. McNutt* (1992), 73 Ohio App.3d 403, 406, 597 N.E.2d 539, 541–542. A reviewing court should not substitute its judgment for that of the trial court when there exists some competent, credible evidence to support the judgment rendered by the trial judge. *Seasons Coal; Zink v. Harp* (Oct. 4, 1993), Warren App. No. CA93–02–009, unreported, 1993 WL 390511. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal.*

After thoroughly reviewing the record, we find competent, credible evidence to support the trial court's decision to hold appellant personally liable under the lease. We will not substitute our judgment for that of the trial court. *Seasons Coal.* Accordingly, appellant's sole assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.