OPINION
Defendant-appellant, Dick C. Gierzak, appeals a judgment in the Middletown Municipal Court in favor of plaintiff-appellee, Citibank (South Dakota), N.A. ("Citibank"). We affirm the decision of the trial court.
In October 1989, appellant applied for and received a business credit card from Citibank. At that time, appellant operated his business, "WCS Collection Service," as a sole proprietorship. Appellant incorporated his business approximately six years later. Citibank issued a credit card with a new account number to appellant in the name of "WCS Collection Service, Inc." At the time of the name change on the account, there was an outstanding balance of $2,977.71. Appellant continued to make charges to the account and monthly payments toward the balance. However, appellant ultimately defaulted on the account.
Citibank sued appellant for the outstanding balance. Appellant contended that he was not personally liable for the outstanding balance because a novation was effected at the time Citibank changed the account number and the name on the account. After a trial on the issue, a magistrate found that there was no novation and that appellant was personally liable on the account. Appellant objected to the decision of the magistrate, contending that the payments made after the name change on the account in excess of the original balance satisfied the portion of the debt for which he was personally liable. The trial court overruled appellant's objections and affirmed the decision of the magistrate. Appellant appeals the decision of the trial court and assigns one assignment of error for review.
Appellant argues in his assignment of error that the trial court erred by affirming the decision of the magistrate. The crux of appellant's argument is that the trial court erred by failing to find a novation.
"A contract of novation is created where a previous valid obligation is extinguished by a new valid contract, accomplished by the substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration." Moneywatch Cos. v. Wilbers (1995),106 Ohio App.3d 122, 125; McGlothin v. Huffman (1994), 94 Ohio App.3d 240,244. Novation is based upon the principle that a new contract has been made, in which there has been a complete meeting of the minds. Bahner'sAuto Parts v. Bahner (July 23, 1998), Scioto App. No. 97 CA 2538, unreported. Therefore, for a novation to be effective it is essential that the parties must assent to the new or changed terms pursuant to which the substitution is made. Bolling v. Clevepak Corp. (1984),20 Ohio App.3d 113, 124. Consent to the terms of a novation may be implied from the circumstances attending the transaction and the conduct of the parties thereafter. Id. However, the evidence of such knowledge and consent must be clear and definite because a novation is never presumed. Id.; Moneywatch Cos. at 125.
In this case, there is no clear and definite evidence that Citibank intended the account change to be a novation and that Citibank intended to completely disregard appellant's original obligation. The ministerial act of changing the name on the account and issuing a new account number to appellant falls short of the requirements for effecting a novation. Further, it is undisputed that the cardholder agreement signed by appellant contained a clause stating, "[I]f the Company fails to pay at least the Minimum Amount Due by the Payment Due Date, each Cardmember shall be liable to pay the Bank the amount of his or her New balance * * *." There is nothing in the record to suggest that Citibank intended to disregard the cardholder agreement and look solely to appellant's corporation in the event of default. Therefore, there is insufficient evidence in the record to indicate Citibank intended to create a new contract through a novation. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.