OPINION
Plaintiff-appellant, William E. Wenner, appeals from the September 4, 2001 decision and entry of the Franklin County Court of Common Pleas granting defendant-appellee, Marsh USA, Inc.'s, motion for summary judgment and denying appellant's motion for summary judgment. For the following reasons, we reverse the decision of the trial court.
On or about July 23, 1996, OHM Corporation ("OHM") and appellee's predecessor, Johnson Higgins of Ohio, Inc., entered into a letter agreement ("Wenner/Marsh Agreement" or "agreement") with appellant, whereby appellant was to continue to provide risk management and insurance consulting services as an independent contractor for OHM. The Wenner/Marsh Agreement became effective on September 1, 1996, and was for a duration of three consecutive one-year terms. The agreement provided for automatic renewals after the initial term. However, if on or before September 1, 1997, either party gave written notice by certified mail of the intent not to renew, the Wenner/Marsh Agreement would not automatically renew. The agreement provided that appellant would be compensated $75,000 per year during the initial term and any renewal terms of the agreement, payable in equal monthly installments of $6,250.
The agreement was binding on each party's successors and assigns, except that appellant was prohibited from assigning his obligations to a third party without appellee's express written consent. In 1998, International Technology Corporation ("ITC") acquired OHM. OHM became a wholly owned subsidiary of ITC. Effective September 1, 1998, appellee assigned performance of its duties and obligations under the Wenner/Marsh Agreement to ITC. ITC continued to pay appellant up to August 31, 2000. Appellee contends that appellant had written notice, as early as August 18, 1998, of the assignment and that the Wenner/Marsh Agreement would be terminated. Appellant contends that he did not receive notification of the nonrenewal agreement until August 28, 2000.
On September 11, 2000, appellant filed suit against appellee for breach of contract, specific performance, and declaratory judgment. Appellant alleges that he is entitled to $75,000 per year in monthly installments of $6,250 through and including August 31, 2002.
On June 29, 2001, both appellant and appellee filed concurrent motions for summary judgment. In his motion for summary judgment, appellant alleges that appellee cannot escape liability under the Wenner/Marsh Agreement because, although ITC became the principal obligor to appellant, appellee remained as a surety toward appellant for ITC. In its motion for summary judgment, appellee contends that the assignment of the Wenner/Marsh Agreement was a novation because appellant had knowledge of the assignment and assented to it.
On September 4, 2001, the trial court rendered its decision and held that, after reviewing the evidence in a light most favorable to appellant, there existed no genuine issues of material fact regarding appellee's liability. The trial court concluded that appellant's acceptance of ITC as his new "paymaster" under the Wenner/Marsh Agreement, along with appellant's implied assent to the agreement and the discharge of appellee, established that appellant had knowledge of and agreed to a novation. Therefore, the trial court concluded that appellee was relieved of its liability under the Wenner/Marsh Agreement, and the claims asserted by appellant against appellee were improper.[1] It is from this judgment that appellant appeals, raising the following two assignments of error:
Assignment of Error No. 1
 THE TRIAL COURT ERRED IN HOLDING THAT DEFENDANT-APPELLEE MARSH, INC.'S ASSIGNMENT OF THE SUBJECT CONSULTING AGREEMENT CONSTITUTED A NOVATION RELEASING DEFENDANT-APPELLEE MARSH, INC. FROM FURTHER LIABILITY TO PLAINTIFF-APPELLANT WENNER RATHER THAN RENDERING DEFENDANT-APPELLEE MARSH LIABLE AS A SURETY TO PLAINTIFF-APPELLANT WENNER.
Assignment of Error No. 2
 THE TRIAL COURT ERRED IN FAILING TO HOLD THAT NO LEGALLY EFFECTIVE WRITTEN NOTICE OF TERMINATION OF THE SUBJECT CONSULTING AGREEMENT WAS SENT TO PLAINTIFF-APPELLANT WENNER.
In his first assignment of error, appellant contends that the trial court erred in determining that the assignment of the Wenner/Marsh Agreement constituted a novation. As to appellant's contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. [See Dresher; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42.]
At issue is whether the assignment of the Wenner/Marsh Agreement to ITC constituted a novation. "A contract of novation is created where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration." McGlothin v. Huffman (1994), 94 Ohio App.3d 240, 244; 18 Ohio Jurisprudence 3d (1980) 201, Contracts, Section 285. "In order for a novation to occur, there must be a clear and definite intent on the part of all parties to the original contract that the purpose of the second agreement is to effect a novation; to completely do away with the original contractual obligation." King Thompson, Holzer-Wollman, Inc. v. Anderson (1994), Franklin App. No 93APE08-1155. A novation can never be presumed. Grant-Holub Co. v. Goodman (1926), 23 Ohio App. 540 . See, also, Dalicandro v. Morrison Road Development Co., Inc. (2001), Franklin App. Nos. 00AP-619 and 00AP-656 (this court will not presume a novation where neither party introduced evidence establishing a clear and definite intent to effect a novation).
A party's knowledge of and consent to the terms of a novation need not be express, it may be implied from the circumstances or the parties' conduct. Bolling v. Clevepak Corp. (1984), 20 Ohio App.3d 113. However, a novation cannot be accomplished "without negotiating a common understanding with the other party or parties to an arrangement." Livernois v. Warner-Lambert Co., Inc. (C.A., 1983), 723 F.2d 1148, 1153.
Appellee contends that appellant not only had knowledge of the parties' intent to the assignment, but that appellant also impliedly agreed that appellee would be relieved of its obligations under the agreement. Appellee argues that, because appellant did not raise any objections to the terms of the assignment, he, therefore, demonstrated his assent, intention, and agreement to release appellee. Appellee additionally argues that, even more compelling than the foregoing stated reasons that a novation occurred, was the undisputed fact that appellant sought, received, and accepted compensation in the amount of $150,000 from ITC between September 1998 and August 2000. Therefore, appellee concludes that appellant's acceptance of ITC as a new "paymaster" was sufficient to establish a novation. We disagree.
While the trial court was correct in concluding that a party's knowledge and consent to a novation may be implied from circumstances or conduct, we do not agree with the trial court's conclusion that appellant's acceptance of ITC as his new "paymaster," coupled with his implied assent to the assignment through his failure to object to the assignment, established that appellant had knowledge of and agreed to discharge appellee, thereby creating a novation. Even if we accept appellee's claim that, after the assignment was effective, appellant accepted compensation from ITC, this claim alone is not enough to establish that appellant agreed to the novation. In short, appellee failed to allege the necessary facts or present evidence sufficient to support the grant of summary judgment in its favor. There was no evidence of a "common understanding" between all the parties to the agreement that appellee would be relieved from liability. "[F]or a novation to be effective, all the parties must agree to the substitution of the new debtor for the old one, and, therefore, to the new or changed terms pursuant to which the substitution is made." (Emphasis sic.) Bolling, at 125. Here, the assignment was exclusively between appellee and ITC. There was no evidence that appellant agreed to release appellee from its liability under the assignment of the Wenner/Marsh Agreement. Appellant's actions were not sufficient to transform the assignment into a novation. Therefore, a novation has not been shown here. Accordingly, appellant's first assignment of error is meritorious and is well-taken.
In light of our disposition of appellant's first assignment of error, it is unnecessary for this court to address his second assignment of error which alleges that the trial court erred in failing to address whether appellant received legally sufficient effective notice of the termination of the Wenner/Marsh Agreement. Accordingly, appellant's second assignment of error is overruled.
Based on the foregoing analysis, appellant's first assignment of error is sustained, his second assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded for further proceedings.
BRYANT and PETREE, JJ., concur.
[1] The trial court did not discuss and rule on whether appellant received timely notice of the termination of the Wenner/Marsh Agreement.