[Cite as *Shivaa, L.L.C. v. Royale Diamones, L.L.C.*, 2024-Ohio-2367.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SHIVAA LLC, | : | APPEAL NO. C-230605 |
| Plaintiff-Appellee, | : | TRIAL NO. 22CV-23079 |
| vs. | : | *O P I N I O N.* |
| ROYALE DIAMONES, LLC, | : | |
| AARON L. ROSEMOND, | : | |
| and | : | |
| DIAMONE MCCLINTON,[1] | : | |
| Defendants-Appellants. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 21, 2024

*Jeffrey A. Burd*, for Plaintiff-Appellee,

*O'Hara, Taylor, Sloan, Cassidy, Beck PLLC* and *Bryce C. Rhoades*, for Defendants-Appellants.

---

[1] We note that some of the trial court documents list the defendant as "Diomone McClinton." However, the record indicates that the defendant's name is "Diamone McClinton," so that is how this court will refer to her.

**ZAYAS, Judge.**

{¶1}  Defendants-appellants Royale Diamones, LLC, Diamone McClinton, and Aaron L. Rosemond (collectively "defendants") appeal the judgment of the Hamilton County Municipal Court granting summary judgment in favor of plaintiff-appellee Shivaa LLC on its eviction claim.  For the reasons that follow, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

## I. Factual and Procedural History

{¶2}  On November 9, 2022, Shivaa initiated this eviction action against defendants regarding the premises located at 4427 Vine Street ("the premises").  The complaint asserted that the grounds for the eviction were several purported lease violations.  The complaint also included a second cause of action for money damages, but that claim is not presently before this court.  Defendants subsequently answered the complaint and asserted a counterclaim and jury demand.

{¶3}  Several months later, Shivaa moved for summary judgment on its eviction claim.  In support of its motion, Shivaa attached an affidavit from Ruchika Chawla, "the member/manager" of Shivaa.  In the affidavit, Chawla avers that Shivaa purchased the premises in May 2022 and that, at the time of purchase, the defendants occupied the premises pursuant to a written lease agreement, which Chawla attached and incorporated into the affidavit ("the 2022 lease").  Chawla then avers that defendant repeatedly and continuously breached the 2022 lease agreement.

{¶4}  Defendants responded in opposition to summary judgment, arguing— among other things—that Shivaa relied on the wrong lease as the 2022 lease was not operative at the time of the alleged lease violations.  In support of their motion, defendants attached—among other things—an affidavit of defendant McClinton, in

which she avers that she was the tenant under a lease, dated March 11, 2020, ("the 2020 lease") for the premises, which she attached and incorporated into her affidavit, the term of which ran from April 1, 2020, to March 30, 2023. She further avers that she is also a party to the 2022 lease, dated January 24, 2022, the term of which began on April 1, 2023, and runs through March 31, 2028.

{¶5} After responsive briefing and argument, the trial court ultimately granted summary judgment in favor of Shivaa, without analysis, and issued a ten-day writ of restitution. Defendants appealed, and the trial court stayed the writ pending appeal.

## II. Law and Analysis

### A. Standard of Review

{¶6} To obtain summary judgment, the moving party must show that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion when reviewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The moving party has the initial burden of informing the trial court of the basis for the party's motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 294 (1996). If the moving party meets this initial burden, the nonmoving party then bears the burden of setting forth "specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). If the nonmoving party does not do so, then summary judgment is appropriate and must be entered against the nonmoving party. *Id.* This court reviews a trial court's grant of summary

3

judgment de novo. *Mid-Century Ins. Co. v. Stites*, 1st Dist. Hamilton No. C-200421, 2021-Ohio-3839, ¶ 10.

### B. The 2022 Lease Did Not Extinguish the 2020 Lease

**{¶7}** Defendants argue that the trial court erred in granting summary judgment in favor of Shivaa where the 2020 lease was the lease in effect at the time of the alleged lease violations and Shivaa alleged violations of the 2022 lease rather than the 2020 lease. Shivaa argues that, through novation, the 2022 lease extinguished the 2020 lease.

**{¶8}** "A novation occurs 'where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration.' " *Moneywatch Cos. v. Wilbers*, 106 Ohio App.3d 122, 665 N.E.2d 689 (12th Dist.1995), citing *McGlothin v. Huffman*, 94 Ohio App.3d 240, 244, 640 N.E.2d 598 (12th Dist.1994). "In order to effect a valid novation, all parties to the original contract must clearly and definitely intend the second agreement to be a novation and intend to completely disregard the original contract obligation." (Citations omitted.) *Id.* "In addition, a novation requires sufficient and valuable consideration to be valid and enforceable." (Citation omitted.) *Id.* "A novation can never be presumed." *Id.*, citing *Citizens State Bank v. Richart*, 16 Ohio App.3d 445, 446, 476 N.E.2d 383 (1st Dist.1984).

**{¶9}** Here, the 2022 lease agreement does not show any intent to extinguish the existing lease terms. In fact, it evidences the opposite intent. The 2020 lease term ended on March 30, 2023. The 2022 lease term expressly began on April 1, 2023. Further, there is an additional note, hand-written in, next to an added term in the 2022 lease pertaining to a 10 percent yearly increase in rent that says, "Starting April 1,

2023." Thus, it is clear that the term of the 2022 lease was not intended to start until April 1, 2023. Further, the 2022 lease does not reference the prior lease at all.

{¶10} Shivaa appears to assert that novation occurred because the new lease added new tenants and allowed possession to start on January 8, 2022. However, this alone does not evidence an intent to disregard the original lease terms. This is particularly true where the 2020 lease also contained a provision allowing possession to begin prior to the start of the lease term. Thus, it is clear that the contracting parties did not intend the date of possession to be synonymous with the lease commencement date. Therefore, in the absence of a valid novation, defendants are correct that the 2022 lease term had yet to begin at the time of the alleged lease violations.

{¶11} Shivaa moved for summary judgment, arguing that it was entitled to possession based on alleged breaches of the 2022 lease. Because the 2022 lease term had yet to begin at the time of the alleged breaches, Shivaa failed to meet its burden on summary judgment to show that it is entitled to judgment as a matter of law. Therefore, we sustain the assignment of error and hold that the trial court erred in granting summary judgment in favor of Shivaa on the eviction claim.

### IV. Conclusion

{¶12} Having sustained the assignment of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry this date.

5