### GARRETT v LISHAWA, et

Ohio Appeal, 1st Dist, Hamilton Co
No. 3569. Decided Feb. 17, 1930

Frank Woodward and Robert A. Black, both of Cincinnati, for Garrett.

Clark & Robinson, Cincinnati, for Lishawa.

HAMILTON, J.

Under this state of facts was there a novation which would relieve the Lishawas from their obligation to Garrett under the contract?

The requisites of a novation are:—a valid, prior obligation to be displaced; the consent of all the parties to the substitution; a sufficient consideration; the extinction of the old obligation, and the creation of a valid new one.

The facts in this case do not meet these requisites. There was a valid prior obligation which was the contract between the appellants and the appellee Garrett. There was no evidence that at any time Garrett consented to the substitution of Blickensderfer as his debtor. In fact the circumstances tend to disprove the consent of Garrett to the substitution of Blickensderfer for the Lishawas, as debtor. He had a valid, binding contract with the Lishawas, who were the owners of the property. There does not appear to be any reason or any consideration for Garrett to consent to the change of debtors. Neither does the proof show a valid new obligation entered into or created by the consent of all the parties. While it is true, as claimed, a novation may be shown by oral proof and the conduct of the parties, the proof and the conduct is insufficient to establish a novation in this case. The only proof tending to establish novation, is that at the direction of the Lishawas, Garrett took the matter up with Blickensderfer, and Blickensderfer made some payments to him which he credited partly on the Blickensderfer contract and partly on the Lishawa contract.

In 20 R. C. L., p. 369, it is stated:

"The effect of a novation by the substitution of a new debtor is to extinguish the liability of the original debtor. For obvious reasons the mere assumption of the debt by the new debtor cannot have this effect. It is not within the power of the original debtor to release himself from liability by contracting for the assumption of the debt by another. There can therefore be no doubt that in order to effect a novation by the substitution of new debtor, the assent of the creditor to the substitution is essential."

It is further stated in 20 R. C. L., p. 366:

"In order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, x x"

The proof on the question falls far short of showing a definite intention on the part of Garrett to accept Blickensderfer as the debtor in the place of the Lishawas.

We, therefore, find and so hold that novation has not been shown, and that the Lishawas remain the debtors, under the San Onyx contract, to Garrett.

The next question is the validity of the mechanic's lien.

The question turns on whether or not the lien was filed within the 60 days from the last furnishing of labor and material. The record discloses that the house with the bathrooms, was substantially completed on September 8th, and the Lishawas took possession and moved in on September 9th; that later, some work by way of pointing up and cleaning up the bathrooms was done by Garrett under his contract. The Lisha-

was testify that this was done not later than the middle of October. Lishawa states that he gave orders that no workman should be permitted in the house after he made the payment to Blickensderfer on October 21. The evidence of the appellants is all to the effect that there was no material furnished or labor performed under the Garrett contract after about the middle of October. Garrett claims that on the 13th day of December he had two men go to the premises and fix a leak around the bathroom door, complained about, and take some grease off the onyx, and do some little pointing up, and there is some evidence of the delivery of about 75c worth of paint, but it is not shown that this was used on the premises. It will be remembered that Garrett's contract contained a guaranty of his material and work for one year. It would be entirely consistent with that contract that he was making his guaranty good, rather than furnishing work and material under the original construction. It will be noted that this slight cleaning and pointing took place more than three months after the Lishawas moved into the property and accepted the same as completed. The two men claimed to have been sent up by Garrett on December 13th testified, but their testimony is not convincing either as to date or as to the work.

Our conclusion is, that there was no work or material furnished after the middle of October, and probably not after the 8th of September, from which to base the running of the 60 days' time for the filing of the lien. It follows that the lien, having been filed January 31, 1928, was filed more than 60 days from the time of the last furnishing of material and labor, as herein indicated. The lien is, therefore, invalid, and the appellees are entitled to have the same cancelled on the records.

The petition declared on two causes of action. The first cause of action is for a personal judgment, based upon the contract herein designated as the Sani Onyx contract, entered into between the plaintiff, Garrett and the Lishawas. There is no dispute as to the amount due under the contract, which we have found to be the debt of the Lishawas. The amount of the contract price was $769.50, upon which is credited $163.25, leaving a balance due, under the contract, to Garrett of $606.25, with interest from the 13th day of December. 1927.

Since the only defense of the Lishawas to the payment of this money is the claimed novation, and in view of our adverse ruling on that question, we will enter judgment on the first cause of action in favor of John W. Garrett against Helen E. Lishawa and Chester A. Lishawa for the sum of $606.25, with interest from the 13th day of December, 1927, and for his costs. The case will be remanded to the court of common pleas for execution of the judgment.

An entry may be prepared accordingly including cancellation of the mechanic's lien.

Cushing, PJ, and Ross, J, concur.