## DAVLIN v KOWALK et

Ohio Appeals, 6th Dist, Sandusky Co

Decided May 27, 1935

Stahl, Stahl & Stahl, Fremont, for plaintiff in error.

King, Flynn & Frohman, Sandusky, for defendants in error.

KLINGER and GUERNSEY, JJ, (3rd Dist), and SHERICK, J, (5th Dist) sitting.

## OPINION

By GUERNSEY, J.

The petition in this action was filed in the Common Pleas Court of Sandusky County in September, 1932, by William W. Davlin against Lester, Henry and John

Kowalk, three brothers, upon a note for $3500 executed May 15, 1920. An answer was filed by the defendants. Before the case came to trial Henry Kowalk died and John H. Kowalk, his brother, was appointed administrator of his estate and this cause continued as to Henry Kowalk in the name of John H. Kowalk as administrator.

The petition herein is in the ordinary form of a petition on a promissory note, a copy of said note being set forth in the petition and being in the form following:

"$3500.00                          May 15, 1920.
"On or before three years after date, we promise to pay to the order of W. W. Davlin, Thirty-Five Hundred and 11-100 Dollars ...... at.......
"Value received with interest at 4% per annum.
                          "Lester R. Kowalk
                          "Henry Kowalk
                          "J. H. Kowalk."

Endorsements showing payments on the note are also set forth, and upon crediting these payments on the note there is shown to be a balance due of $1500 principal, with 4% interest from February 4, 1924, making a total of $2015 due at the time of the filing of the petition. The prayer of the petition is for judgment for the sum of $2015 with 6% interest thereon from September 24, 1932.

The answer to the petition, omitting the caption, prayer and oath, is in the words and figures following:

"Now come the defendants above named and by leave of court for that purpose first obtained, for their answer to plaintiff's petition say that upon the promissory note set forth in said petition, Lester H. Kowalk is the principal maker, and received for the benefit of himself and his wife, Ruth Kowalk, the money therein mentioned; that the said defendants, Henry Kowalk and John H. Kowalk, signed said notes as sureties for said Lester H. Kowalk and at the request of said plaintiff, who stated to them as an inducement for their signatures upon said note that he wanted such signatures as a matter of form only; that if the note was not paid, it would be charged to and come out of the share of his daughter, Ruth Kowalk, then the wife of the said Lester Kowalk, and it was with that understanding and relying upon that promise of the said plaintiff that the said Henry and J. H. Kowalk signed said prom-

issory note as sureties for said Lester H. Kowalk.

"Said defendants further say that Lester H. Kowalk and one Ruth Kowalk were husband and wife, and the said Ruth Kowalk was the daughter of William W. Davlin, the plaintiff; that the money so obtained from the said William W. Davlin was for the purpose of purchasing a home for the said Lester H. Kowalk and his wife, and the same was used for such purpose; that later the said Lester H. and Ruth Kowalk sold said place and from the proceeds of the consideration money paid therefor, paid to the said plaintiff the said payments endorsed on said note amounting to $2000.00, and also the interest upon said note up to February 4, 1924; that thereafter the said Lester and Ruth Kowalk jointly purchased a farm of about sixty acres of land in Sandusky County, Ohio, and gave a mortgage thereon for a part of the purchase money for said farm securing a promissory note executed by them, and both of them, for the sum of $2000.00; that later, on or about the 10th day of March, 1928, there arose between the said Lester and Ruth Kowalk certain differences, which finally resulted in the said Ruth Kowalk bringing an action for divorce and alimony in the Court of Common Pleas of Erie County, Ohio; that subsequently to the commencement of said action and before the trial thereof, the said Lester Kowalk and his wife, Ruth Kowalk, had several conversations and negotiations with reference to alimony and the property interests of the said parties, and before the hearing of the said divorce proceeding the said Lester Kowalk, defendant, and the said Ruth Kowalk agreed that as there was outstanding in the hands of her father the promissory note set forth in the petition, upon which there was then due $1500.00 and some interest, and also since there was outstanding a note for $2,000.00 upon which she and her husband were liable, the said Lester Kowalk should assume and pay the said $2000.00 note and hold the said Ruth Kowalk harmless from any obligation or liability upon said note, and that she would arrange with her father, and that her father understood this situation and had already agreed with her that it would be entirely satisfactory to him that she should assume the said note set forth in the said petition, and thereupon on hearing, without defense on the part of the said Lester H. Kowalk, the said Ruth Kowalk was granted a divorce and no pay-

ment of money was adjudged to be made by the said Lester Kowalk to the said Ruth Kowalk except the payment of a certain weekly sum for the support and maintenance of their daughter, Betty Jane Kowalk; that the said defendant, Lester Kowalk, had ever since considered, understood and believed that he was released and relieved from any liability upon the said note set forth in plaintiff's petition; and that said agreement between himself and wife was known to the said plaintiff, to which arrangement the said plaintiff assented as the said Lester Kowalk herein charges; that said Lester Kowalk has since said agreement and understanding above set forth, paid and satisfied a large part of the said $2000.00 note and is paying thereon as he can secure the money therefor, and said defendant, Lester Kowalk, alleges that the said plaintiff is estopped by reason of his declarations and understandings, as set forth above, from prosecuting an action upon said promissory note, as set forth in his petition, or from recovering anything thereon against said defendants, or either of them."

It will be noted that in the answer the defendants, as one of their defenses to the note, pleaded an oral agreement entered into contemporaneously with the execution of the note sued upon, between the plaintiff and the defendants Henry Kowalk and John H. Kowalk and as another defense to the note pleaded a novation by way of an agreement entered into between the defendant Lester Kowalk and his wife, Ruth Kowalk, in settlement of their property rights in a divorce proceeding pending between them. Preceding the entry of a decree for divorce, it was agreed that Lester Kowalk should assume the payment of a certain note for the sum of $2000, upon which Lester Kowalk and Ruth Kowalk were both liable, and that Ruth Kowalk would arrange with her father, the plaintiff, who understood the situation and had already agreed with her that it would be entirely satisfactory to him that she should assume the note set forth in the petition, which agreement was known to the plaintiff, and to which arrangement he assented.

A motion was filed by the plaintiff to strike from the answer the allegations pertaining to such claimed defenses. This motion was overruled by the court and exceptions noted. The plaintiff then filed his reply to the answer, in which he admitted that the defendant, Lester Kowalk, received the benefit of the money loaned for

which the note set up in the petition was given; that at the date of the giving of the note, Lester and Ruth Kowalk were husband and wife and that Ruth Kowalk was the daughter of plaintiff; that Lester and Ruth Kowalk sold the certain piece of real estate referred to in the answer and thereafter he was paid as principal the sum of $2000 on the note; that the interest upon the note was paid to date of February 4, 1923; that Lester and Ruth Kowalk purchased a farm of sixty acres in Sandusky County, Ohio, and gave a $2000 mortgage thereon for part of the purchase price thereof; that Ruth Kowalk was granted a divorce from Lester Kowalk, and no alimony was granted to her; and that Lester Kowalk was to make certain weekly payments to Ruth Kowalk for the support of their minor child, Betty Jane Kowalk. Further replying to the answer, plaintiff denied each and every allegation, averment and statement therein contained not admitted as above set forth.

The case was tried to a jury on the petition, answer and reply, and upon the evidence adduced by the parties, and on the trial of the case the plaintiff objected to the admission of evidence offered by the defendants tending to prove the allegations which the plaintiff had moved to have stricken from such answer. These objections were overruled by the court and exceptions taken. The plaintiff later moved to strike out and exclude such evidence from consideration by the jury, which motion was overruled and exceptions noted.

In his charge to the jury, the court treated such pleaded defenses as valid defenses to the note and the plaintiff objected and excepted to the charge of the court as to the statements of claims of John and Henry Kowalk; also specifically excepted to the charge of the court as to the statement that the claims made by John H. Kowalk and Henry Kowalk as to their being accommodation signers and sureties only. Plaintiff also excepted to the charge of the court generally and each and every part thereof.

The jury returned a general verdict in favor of the defendants. Immediately following the return of the verdict the plaintiff filed a motion for judgment notwithstanding the verdict. This motion was overruled and exceptions taken, and the plaintiff then filed his motion for a new trial, which was overruled by the court and judgment entered on the verdict, and this proceeding in error is brought by the plaintiff below, (plaintiff in error in this

court) against the defendants below (defendants in error in this court) to reverse the judgment.

On the trial, evidence was offered by the defendants and admitted over the objection of plaintiff, tending to prove that the plaintiff, at the time the defendants Henry Kowalk and John H. Kowalk signed the note, stated to them that he wanted their signatures as a matter of form only and that if the note was not paid it would be charged to and come out of the share of his daughter, Ruth Kowalk, then the wife of Lester Kowalk, and that relying on this statement, Henry and John H. Kowalk signed the note as sureties for Lester Kowalk.

Evidence was also admitted, over objection, tending to prove that an agreement was entered into between Ruth Kowalk and Lester Kowalk preceding the hearing of the divorce action pending between them, whereby Lester Kowalk agreed to assume the payment of a note in the sum of $2000 referred to in the answer, upon which he and Ruth Kowalk were jointly liable, and that Ruth Kowalk agreed to assume the payment of the $1500 note sued on in this action. However, there is no evidence tending to prove that the plaintiff had any notice or knowledge of the agreement between Lester Kowalk and Ruth Kowalk, or assented or agreed thereto.

The errors assigned in the petition in error, as specified in the brief, are:

1. Error in overruling a motion to strike from the answer certain parts thereof, being allegations with reference to the two defenses pleaded in the answer.

2. Error in the admission of evidence in support of claimed defenses in answer, and in refusing to take such evidence from the jury and instruct the jury not to consider the same.

3. Error of court in the general charge in treating the defenses pleaded in answer as valid defenses to the petition.

4. Error of the court in overruling plaintiff's motion for judgment non obstante veredicto.

5. Error in overruling plaintiff's motion for a new trial and rendering judgment in favor of defendants and against plaintiff in that verdict and judgment is not sustained by the evidence, is contrary to the evidence and contrary to law.

It will be noted that the first four assignments of error all relate to the validity in law of the two defenses pleaded in the answer of the defendant, and these assignments will therefore be considered together. If these defenses as pleaded constitute valid defenses the rulings of the court assigned as errors were proper. On the other hand, if these defenses are not valid defenses, the rulings of the court were erroneous.

We will discuss these defenses in the order they appear in the answer.

The first defense is based on an oral statement made by the plaintiff, the payee of the note, upon which the suit is brought, to the defendants Henry Kowalk and John H. Kowalk, who signed the note as sureties of their brother, the defendant Lester Kowalk, at the request of the plaintiff, prior to their signing the note and as an inducement to them to sign the same, that he wanted their signatures as a matter of form only, and that if the note was not paid it would be charged to and come out of the share of plaintiff's daughter, Ruth Kowalk, then the wife of Lester Kowalk.

It is held in the third paragraph of the syllabus in the case of **Cummings v Kent, 44 Oh St, 92,** 4 NE, 710, 58 Am. Rep., 796, that:

"Evidence of a parol agreement, prior to or contemporaneous with the drawing and delivery of a bill of exchange, that the drawer is not to be liable as such, is inadmissible."

This holding has been followed or cited with approval in numerous cases, including the cases of **Roberts v Third Natl. Exchange Bank of Sandusky, 18 Oh Ap, 185, and Shannon v Universal Mortgage & Discount Co., 116 Oh St,** 609, 157 NE, 478, 54 A.L.R., 992, and so far as we are able to find has never been overruled, questioned or distinguished. It is in accordance with the general rule that extrinsic evidence is not admissible either to contradict, subtract from, add to or vary a written instrument. This rule in its very nature is applicable to and has been held to be applicable to promissory notes, as well as bills of exchange. Unless the rule of law set forth in this holding is modified by the provisions of §8121, GC, it is still the law of Ohio.

Resort must therefore be had to that section to determine whether such rule has been modified. The pertinent part of that section is as follows:

"* * * As between immediate parties, and as regards a remote party, other than a holder in due course, * * * the delivery may

94

be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."

It will be noted that the provisions quoted relate only to the delivery of a negotiable instrument and the effect of these provisions has probably been no more than to re-state the law as established by decisions of the courts at the time of the adoption of the Negotiable Instruments Act. 29 **Ohio Jurisprudence, 835.**

The first defense pleaded in the answer of the defendants does not relate in any way to any condition or special purpose attached to the delivery of the note, but relates solely to an agreement arising from the alleged fact that the sureties in signing the note acted and relied upon statements made by the payee that their signatures were a matter of form only and that if the note was not paid it would be charged to and come out of the share of payee's daughter, and such defense, if admissible, would not only contradict the terms of the note itself, but would entirely nullify them. A defense based on delivery on condition or for a special purpose only does not have the effect of contradicting or nullifying the written provisions of the instrument, but raises only the question as to whether the terms of the instrument became effective by delivery of the instrument.

As the first defense in the instant case does not relate to the delivery of the instrument, and is based entirely on oral statements which would nullify the terms of the written instrument, it comes within the decision in Cummings v Kent, supra, and is not within the provisions of §8121, GC, and the facts alleged do not constitute a defense to the cause of action set forth in the petition.

The second defense pleaded in the answer as hereinbefore mentioned is based on a claimed novation.

In the case of **Jarmusch v Otis Iron & Steel Co., 3 O.C.C., (N.S.), 1, 13 C.D., 122,** it is held in the first paragraph of the syllabus that:

"A contract of novation becomes binding, when based upon: (1) a previous valid obligation; (2) an agreement between old parties and the new party to the new contract; (3) that the new contract shall· be complete and extinguish the old; and (4) the making of a valid new contract."

The same rule is set forth in the opinion in the case of **Garrett v Lishawa, 36 Oh Ap, 129, 132, (8 Abs 718), 172 NE, 845,** in the following words:

"The requisites of a novation are a valid, prior obligation to be displaced; the consent of all the parties to the substitution; a sufficient consideration; the extinction of the old obligation; and the creation of a valid new one."

It will be noted that under this rule, one of the essential elements of a novation is the extinction of the old obligation.

Where the note evidencing the old obligation is retained by the creditor, there is a presumption that the new obligation is taken as collateral security to the old obligation and not in substitution for or extinction of the old obligation. **Crumbaugh v Kugler, 3 Oh St, 544, 548.**

There is no allegation in the answer that the plaintiff at any time consented or agreed to the extinction of the old obligation or to the substitution of Ruth Kowalk as his debtor in place of the defendant makers of the note. The allegations of the answer only go to the extent of averring that Ruth Kowalk, for a valuable consideration, assumed the note and that the plaintiff payee assented and consented to her assumption of the note. There is no averment that the note was surrendered and the only inference that can arise from the averments of the answer is that the note was not surrendered. Giving effect to the presumption mentioned, the inference arising from the allegation of the answer is that the payee of the note accepted the oral agreement of Ruth Kowalk as collateral security for the payment of the note held by him and not in extinguishment of, or as a substitution for, the note. The facts alleged, therefore, did not constitute a defense.

As neither of the defenses pleaded in the answer were valid defenses in law, the rulings of the court specified in the first three assignments of error were erroneous and constituted reversible error; and as, except for the two defenses pleaded, which for the reasons above mentioned did not constitute valid defenses, all of the material allegations of the petition were either admitted or not denied in the pleadings, the court erred in overruling the motion of plaintiff for judgment notwithstanding the

verdict, as claimed in the fourth assignment of error. While it is not necessary to a decision of this case to pass on the fifth assignment of error above mentioned, it may be well to state that this assignment of error is also well taken for the reasons above mentioned, and also for the further reason that there is no evidence tending to prove notice, knowledge, assent or consent by the plaintiff to the assumption of the indebtedness due him on the note by Ruth Kowalk.

As the plaintiff was, upon the pleadings in the case, entitled to judgment notwithstanding the verdict, this court will reverse the judgment of the lower court and render judgment which the trial court should have rendered and enter final judgment in favor of the plaintiff in error for the amount of the principal and interest due on the note as shown by the petition, at the cost of the defendants in error.

Judgment reversed and final judgment for plaintiff in error.

KLINGER and SHERICK, JJ, concur.