NATIONAL CITY BANK, Appellant,

v.

REAT CORPORATION et al., Appellees.

[Cite as *Natl. City Bank v. Reat Corp.* (1989), 64 Ohio App.3d 212.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 55740, 55741, 55861 and 55862.

Decided Sept. 11, 1989.

*Baker & Hostetler, Kevin T. Duffy* and *Judith Cavell,* for appellant.

*Rosenzweig, Schulz & Gillombardo, Isaac Schulz* and *Irene M. MacDougall,* for appellees.

WILLIAM J. MARTIN, Judge.

Plaintiff-appellant, National City Bank ("appellant"), appeals the decision of the trial court wherein defendants-appellees, Reat Corporation and Brown Derby, Inc. ("appellees"), were granted relief pursuant to Civ.R. 60(B) from two cognovit judgments. Upon review of the record, we affirm.

The instant action arose by the filing of two complaints by appellant seeking the enforcement of judgment on two cognovit promissory notes. The first note was signed by appellees on November 4, 1981 in the principal amount of $4,250,000 and the second was signed on May 27, 1982 in the principal amount of $645,000.

Bernard Johnson, who was an officer of Brown Derby at the time when the notes were executed, also signed an "Agreement To Be Bound" on behalf of appellee Brown Derby. This agreement rendered Brown Derby an accommodation party on the loans made by appellant to appellee Reat Corporation.

Some time later, the parties entered into negotiations to restructure the debt owed to appellant. On August 31, 1987, this new term note became effective, and it acted to consolidate the two previous cognovit promissory notes. The total amount of indebtedness on this note is $4,058,000.

In support of their contention that the two cognovit notes were either cancelled or merged into a new credit agreement, appellees presented the court with: (1) a copy of a credit agreement setting forth the terms which merged outstanding debts; (2) a cancellation notice from appellant that indicated either payment or renewal on their account; and (3) a letter from

appellant which stated that the credit agreement of August 31, 1987 replaced the two prior notes. This document was not referred to or incorporated into either complaint for judgment on the cognovit notes.

Following the imposition of judgment against appellees, a lien was placed on certain properties to secure the debt. From these actions, appellees moved pursuant to Civ.R. 60(B) for relief from the judgments. Appellees also alleged that the court should vacate those judgments for failure of jurisdiction since there was no cognovit provision in the term note which consolidated the debt.

A hearing was held on the Civ.R. 60(B) motions. While no additional evidence was presented at the hearing, appellees provided extensive documentary evidence to the court through their motions for relief from the judgments. Based upon this evidence, the trial court found sufficient grounds to grant appellees' request for relief from the judgments.

Following the entry of this order granting relief, appellant moved the court on its behalf for relief from that order. On May 18 and 20, 1988, the trial court denied these motions. On May 18, 1988, appellant also filed notices of appeal from the court's original entry granting relief from the cognovit judgments. On June 2, 1988, the court journalized its entry denying appellant's request for relief. Notices of appeal from those orders were filed on June 9, 1988.

On appeal, appellant presents six assignments of error for review.

"I. The courts below erred in granting the motions for relief from judgment filed by Brown Derby, Inc. because the courts' orders are against the manifest weight of the evidence.

"II. The courts abused their discretion in granting the motions for relief from judgment filed by Brown Derby, Inc.

"III. The courts below erred in granting the motions for relief from judgment filed by Brown Derby, Inc. on terms which were not just.

"IV. The courts below erred in purporting to release certificates of judgment.

"V. The cognovit judgments and judgment liens obtained by National City Bank are suspended and not vacated.

"VI. The courts below erred in denying the motions for relief from judgment filed by National City Bank."

The first, second, third, fourth and sixth assignments of error all address appellant's contention that the trial court abused its discretion in granting appellees' Civ.R. 60(B) motion. Thus, they will be discussed together.

■ To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Electric, Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. However, when requesting relief from a cognovit judgment the existence of a valid defense to all or part of the claim constitutes a ground for relief. *Matson v. Marks* (1972), 32 Ohio App.2d 319, 323, 61 O.O.2d 476, 478, 291 N.E.2d 491,.494; *Cautela Bros. v. McFadden* (1972), 32 Ohio App.2d 329, 332, 61 O.O.2d 506, 507, 291 N.E.2d 539, 541; *Minor v. O'Neil, Inc.* (Apr. 23, 1981), Cuyahoga App. No. 43183, unreported.

■ In this case, the timeliness of appellees' motions for relief is not at issue since they were filed one month after appellant was awarded judgment on the cognovit notes. Thus, it was incumbent upon appellees to present a valid defense to these judgments in order to be given relief therefrom.

Appellees maintain that the term note entered into on August 31, 1987, acted as a novation of the two prior debts. Appellees rely on *Federated Land Bank of Louisville v. Taggart* (1987), 31 Ohio St.3d 8, 13–14, 31 OBR 6, 11, 508 N.E.2d 152, 157–158, where the court defined a "novation" in the following manner:

"Ordinarily, ' * * * a novation discharges the nonsigning joint maker from liability on the original note * * *.' Annotation, Renewal Note Signed by One Comaker as Discharge of Nonsigning Comakers (1972), 43 A.L.R.3d 246, 252. However, in order for such discharge to be effected, appellee must meet the usual requirement for novation found in contract law. The crucial requirement, in the present case, is that 'there must be * * * a mutual agreement between the creditor and his debtor which is intended to extinguish the old obligation by substituting a new one therefor. Thus * * * for an obligation * * * to have the effect of discharging the liability on the prior note, the new note must be given with that understanding on the part of both * * *.' *Id.* at 252–253."

■ In *Bolling v. Clevepak Corp.* (1984), 20 Ohio App.3d 113, 125, 20 OBR 146, 157, 484 N.E.2d 1367, 1379, the court reiterated that "[i]ntent, knowledge and consent are the essential elements in determining whether a purported novation has been accepted." See, *e.g., Frederick C. Smith Clinic v. Lastrapes* (1959), 111 Ohio App. 42, 13 O.O.2d 411, 170 N.E.2d 497; *Garrett v. Lishawa* (1930), 36 Ohio App. 129, 172 N.E. 845. The letter sent by appellant to appellees recognizing the new term note as a replacement of the two prior

notes certainly is some evidence of its intent, knowledge and consent to the novation of the debt.

■  A party's knowledge of and consent to the terms of a novation need not be express, but may be implied from circumstances or conduct. *Bolling, supra,* 20 Ohio App.3d at 125, 20 OBR at 157, 484 N.E.2d at 1379; *Union Central Life Ins. v. Hoyer* (1902), 66 Ohio St. 344, 64 N.E. 435. There must be a common understanding between the parties to the arrangement, and a clear and definite expression of both knowledge and consent. *Id.;* see *Grant–Holub Co. v. Goodman* (1926), 23 Ohio App. 540, 156 N.E. 151; *Livernois v. Warner–Lambert* (C.A.4, 1983), 723 F.2d 1148, 1153.

The evidence in this case demonstrated to the trial court that the parties herein were well aware of the effect of the new term note. In effect, they sought to accommodate all parties to the debt and came to a new financial arrangement. There was certainly some evidence of both knowledge and consent to the new term note.

It is apparent from the evidence presented to the court by way of the Civ.R. 60(B) motions, that the parties herein entered into a new consensual agreement to, at the very least, consolidate the old debt agreement, thus creating serious questions as to the validity of the two original cognovit notes. Moreover, even if the new term note represents a valid and existing debt owed to appellant, it does not contain a cognovit provision for enforcement.

Therefore, the trial court did not err in finding that appellees demonstrated sufficient allegations of a meritorious defense to the judgments on the two cognovit notes.

■  Appellant's fifth assignment of error alleges that the trial court erroneously vacated the two cognovit judgments when they should have been suspended until a trial on the merits resulted in a final determination of their validity. By contending this, appellant requests that this court recognize the two cognovit judgments as existing liens on appellees' properties during the pendency of these actions.

■  Initially, it must be pointed out we disagree with appellant's position that the Civ.R. 60(B) motions which were granted by the trial court were not final determinations or orders. The decision to grant a Civ.R. 60(B) motion in favor of the moving party is a final order. *GTE Automatic Electric, Inc. v. ARC Industries, supra,* 47 Ohio St.2d at 150, 1 O.O.3d at 88, 351 N.E.2d at 115; R.C. 2505.02. Additionally, Civ.R. 60(B) applies to relief from all judgments, including cognovit judgments. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 68 O.O.2d 251, 316 N.E.2d 469.

Appellant cites *Livingstone v. Rebman* (1959), 169 Ohio St. 109, 8 O.O.2d 109, 158 N.E.2d 366, as authority for its position that the trial court must "suspend" the judgments until a trial on the merits is held to determine the validity of the notes. What appellant neglects to recognize, however, is that *Livingstone, supra,* dealt largely with the application of former R.C. 2325.01 and 2325.06 to cognovit judgments. Civ.R. 60(B) now supersedes those statutes. Thus, based upon the requirements of Civ.R. 60(B) and its application to cognovit judgments, the trial court was clearly authorized to vacate the two cognovit judgments and to remove the judgment liens. We observe that the trial court did provide appellant some protection for possible future satisfaction of any judgment by prohibiting appellee Brown Derby, Inc. from transfering property without judicial approval.

Accordingly, appellant's fifth assignment of error lacks merit.

Having reviewed the record on appeal, we find that there was no abuse of discretion on the part of the trial court in granting relief from the two cognovit judgments at issue or for vacating the liens imposed thereon. As such, we affirm the decisions of that court.

*Judgments affirmed.*

JOHN V. CORRIGAN, P.J. and HOFSTETTER, J., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.

WILLIAM J. MARTIN, J., of the Court of Common Pleas of Carroll County, sitting by assignment.