McGLOTHIN, Appellant,

v.

HUFFMAN, Appellee.

[Cite as *McGlothin v. Huffman* (1994), 94 Ohio App.3d 240.]

Court of Appeals of Ohio,
Butler County.

No. CA93–06–124.

Decided April 11, 1994.

*Carl D. Ferris,* for appellant.

*Gerald G. Froelke,* for appellee.

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Ron McGlothin, challenges the Butler County Court of Common Pleas' decision dismissing his complaint for judgment against defendant-appellee, Donna S. Huffman, on a promissory note. Under McGlothin's single assignment of error, he presents the following issue for review:

"Judgment cannot be granted for defendant-appellee, thereby relieving her of the obligation to pay her promissory note to plaintiff-appellant when there is no evidence of a formal written cancellation or renunciation of the note, consent to assignment or any unequivocal action on the part of the plaintiff-appellant discharging defendant-appellee of her obligation to pay the note."

On June 30, 1990, Huffman executed a promissory note to McGlothin for $5,000 to acquire an interest in a partnership that was purchasing six condominiums. Each partner's interest was reflected by such partner's share of a $35,000 down payment on the property.

Several days after closing on the property, Huffman advised McGlothin that, on the advice of her attorney regarding a possible conflict of interest, she was assigning her interest to a Mr. Blain. McGlothin raised no objection. Subsequently, on September 10, 1990, Blain told Huffman that he could not meet the conditions of the note, and she conveyed this information to McGlothin. Subsequently, McGlothin saw and approved three partnership agreements, none of

which mentioned Huffman as a partner. McGlothin testified at trial that Huffman would not have received any profits if the partnership had been successful.

The partnership eventually lost money and McGlothin filed a complaint against Huffman on June 17, 1992, seeking judgment on Huffman's promissory note. A bench trial was held on May 14, 1993 and the trial court issued its opinion on May 20, 1993. The court entered judgment in favor of Huffman. The trial court stated in its decision that the actions of McGlothin indicated that he had assumed whatever interest Huffman had in the partnership. The court held that Huffman was therefore discharged from her obligation under the promissory note.

McGlothin raises no assignment of error regarding the trial court's findings of fact. Instead, he argues that Huffman could not be discharged without evidence of a formal written cancellation or renunciation of the note, consent to assignment, or any other unequivocal action on his part discharging Huffman. He contends that the trial court's finding of discharge is contrary to the language of R.C. 1303.71 (UCC 3–605), which reads as follows:

"Cancellation and renunciation.

"(A) The holder of an instrument may even without consideration discharge any party:

"(1) In any manner apparent on the face of the instrument or the indorsement * * *; or

"(2) by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged."

"Discharge" is not defined in the Ohio Revised Code or the UCC. Instead, R.C. 1303.67 (UCC 3–601) indexes and cross-references relevant code sections on discharge. R.C. 1303.67 reads in pertinent part:

"(A) The extent of the discharge of any party from liability on an instrument is governed by:

"(1) Sections 1303.69 of the Revised Code on payment and satisfaction; or

"(2) Section 1303.70 of the Revised Code on tender of payment; or

"(3) Section 1303.71 of the Revised Code on cancellation or renunciation; or

"(4) Section 1303.72 of the Revised Code on impairment of right of recourse or of collateral; or

"(5) Section 1303.29 of the Revised Code on reacquisition of the instrument by a prior party; or

"(6) Section 1303.43 of the Revised Code on fraudulent and material alteration; or

"(7) Section 1303.47 of the Revised Code on certification of a check; or

"(8) Section 1303.48 of the Revised Code on acceptance varying a draft; or

"(9) Section 1303.57 of the Revised Code on unexcused delay in presentment or notice of dishonor or protest.

"(B) *Any party is also discharged from his liability on an instrument to another party by any other act or agreement with such party which would discharge his simple contract for the payment of money * * *.*" (Emphasis added.)

██ McGlothin's reliance on R.C. 1303.71 is misplaced. That section is not the sole method of discharge. It refers to renunciation, which is the gratuitous abandonment of a right, an express waiver without consideration. *Prinz v. Horvat* (Mar. 1, 1989), Summit App. No. 13708, unreported, 1989 WL 16908 (a negotiable instrument may be discharged by an oral release or discharge entered into for valuable consideration); *Shaffer v. Akron Prod. Co.* (1952), 91 Ohio App. 535, 49 O.O. 140, 109 N.E.2d 24. In this case, the trial court found Huffman was discharged in consideration of her partnership interest.

██ R.C. 1303.67 includes a catchall provision providing for discharge by any agreement that would discharge a simple contract for the payment of money. For example, a party may be discharged from liability on a negotiable instrument through a contract of novation. 72 Ohio Jurisprudence 3d (1987) 91–92, Negotiable Instruments, Section 593.

██ A contract of novation is created where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration. 18 Ohio Jurisprudence 3d (1980) 207, Contracts, Section 285; *Garrett v. Lishawa* (1930), 36 Ohio App. 129, 172 N.E. 845. Knowledge and consent to the terms of the novation need not be express, but can be implied from the circumstances or a party's conduct. *Natl. City Bank v. Reat Corp.* (1989), 64 Ohio App.3d 212, 216, 580 N.E.2d 1147, 1149. The discharge of the existing obligation of a party to a contract is sufficient consideration for a contract of novation. *Bacon v. Daniels* (1881), 37 Ohio St. 279, 282–283.

■ The trial court suggested that Huffman's assignment of her partnership interest to Blain amounted to a novation relieving her from her obligations under the original agreement. McGlothin's consent was implied from his actions when informed of the assignment. The trial court ultimately found that McGlothin discharged Huffman's obligation to pay under the promissory note in consideration of her interest in the partnership. Although McGlothin did not challenge the trial court's findings, after a thorough review of the record this court is convinced that the trial court's conclusions were not against the manifest weight of the evidence.

■ Negotiable instruments do not simply appear; they are issued and transferred in the context of some commercial or consumer transaction. Quinn, Uniform Commercial Code Commentary and Law Digest (2 Ed.) 3–312, paragraph 3–601. In this sense, there are two components to transactions involving negotiable instruments: (1) the underlying obligation, and (2) the negotiable instrument passed as part of the transaction. *Id.* R.C. 1303.67(B) recognizes this relationship by providing that a party is discharged from liability on an instrument by any act or agreement which would discharge that party's simple contract for the payment of money.

The trial court stated that "[t]he actions of Mr. McGlothin indicated that he had assumed whatever interest the Defendant had in the partnership and assumed the expectation of making a profit." The trial court concluded that the underlying contract between Huffman and McGlothin had been discharged; therefore, Huffman's liability on her note was also discharged pursuant to R.C. 1303.67(B). Appellant's sole assignment of error is overruled.

*Judgment affirmed.*

JONES, P.J., and KOEHLER, J., concur.