This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Lapos Construction, Incorporated, appeals the denial of its motion to stay the proceedings below pending arbitration. We affirm.
The facts, as alleged in Paul and his wife Helen Reynolds' complaint, are as follows.[1] The Reynoldses, appellees, planned the construction of a new home. To that end, on February 24, 2000, Mr. Reynolds met with Mike Lapos, President of Lapos Construction, and Ken Oswald at a model home. At the conclusion of that meeting, they determined to meet again on February 27, 2000 to finalize their construction plans. Before Mr. Reynolds left, Mr. Lapos asked him to sign an uncompleted construction contract and give him a five thousand dollar check to hold until the parties' next meeting. Mr. Reynolds complied after being assured that nothing was finalized. On February 27, 2000, Mr. Reynolds contacted Mr. Lapos and informed him that he had changed his mind about constructing the home. Mr. Reynolds requested that Mr. Lapos return the five thousand dollar check. Mr. Lapos responded affirmatively.
When Mr. Reynolds had not received the check by March 10, 2000, he placed a telephone call to Mr. Lapos concerning the check. He spoke to Mrs. Lapos who informed him that the check represented a nonrefundable deposit. He then placed a telephone call to Mr. Lapos who confirmed that the five thousand dollar check would not be forthcoming.
On September 19, 2000, the Reynoldses filed a complaint in the Avon Lake Municipal Court seeking damages of five thousand dollars for Lapos Construction's breach of the oral contract. On November 10, 2000, Lapos Construction moved to stay the proceedings below pending arbitration pursuant to the written contract and R.C. 2711.02. The Reynoldses did not respond. On January 4, 2001, the trial court denied Lapos Construction's motion to stay the proceedings pending arbitration, finding plaintiff's complaint to be based on the lack of formation or extinguishing of the written contract. This appeal followed.
Lapos Construction asserts one assignment of error:
 The trial court erred when it denied Appellant's Motion to Stay proceedings pending arbitration of this matter.
 Lapos Construction avers that the trial court erred in denying its motion to stay the proceedings below pending arbitration pursuant to R.C. 2711.02. As the contract that Mr. Reynolds signed contained an arbitration clause, Lapos Construction avers that it controls and mandates that the dispute be submitted to arbitration despite the fact that the Reynoldses' complaint is based on the invalidity of the contract due to a defect in formation and later oral novation. We disagree.
When addressing whether a trial court has properly granted or denied a motion to stay proceedings and compel arbitration, the standard of review is abuse of discretion. Carter Steel Fabricating Co. v. Danis Bldg.Constr. Co. (1998), 126 Ohio App.3d 251, 254; Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 410. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
In MGM Landscaping Contractors, Inc. v. Berry (Mar. 22, 2000), Summit App. No. 19426, unreported, at 4-5, this court noted that
 [t]he law of Ohio favors arbitration as an alternative method of dispute resolution. See, e.g., Kelm v. Kelm
(1993), 68 Ohio St.3d 26, 27. "Pursuant to R.C. 2711.02, a court may stay trial of an action `on application of one of the parties' if (1) the action is brought upon any issue referable to arbitration under a written agreement for arbitration, and (2) the court is satisfied the issue is referable to arbitration under the written agreement. * * *" Austin v. Squire (1997), 118 Ohio App.3d 35, 37, citing Jones v. Honchell (1984), 14 Ohio App.3d 120, 122.
 However, "[a]rbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate a dispute which he has not agreed to submit to arbitration." Teramar Corp. v. Rodier Corp. (1987), 40 Ohio App.3d 39. 39. Furthermore, an arbitration clause "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." R.C. 2711.01(A).
"R.C. 2711.03 clearly provides that only when the making of the arbitration clause is itself at issue may the trial court proceed to try the action[.]" ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, 501. Further, "where the existence of the contract containing the arbitration clause is at issue, a question of fact arises which is subject to trial as requested by the parties." Divine Constr. Co. v. Ohio-American WaterCo. (1991), 75 Ohio App.3d 311, 316; accord M M Precision System Corp.v. Interactive Group, Inc. (Mar. 10, 2000), Montgomery App. No. 18008, unreported, 2000 Ohio App. LEXIS 893, at *9; Sexton v. Kidder Peabody Co., Inc. (Mar. 7, 1996), Cuyahoga App. No. 69093, unreported, 1996 Ohio App. LEXIS 885, at *5-9.
The trial court found the Reynoldses' "complaint alleges that there is no contract and that appears to be the issue[,]" and accordingly, denied Lapos Construction's motion to stay the proceedings pending arbitration. Lapos Construction avers that the trial court erred in this decision because the Reynoldses "did not raise any issue regarding the arbitration clause[.]"
The Reynoldses assert that, inter alia, the written contract was never formed or was extinguished by an oral novation. Specifically, they aver that "[n]o meeting of the minds occurred for any written contract to have been entered into by the parties." Further, they aver on appeal, and apparently in their complaint, that a novation occurred. "The law is clear that to constitute a valid contract, there must be a meeting of the minds of the parties, and there must be an offer on the one side and an acceptance on the other." Noroski v. Fallet (1982), 2 Ohio St.3d 77,79. While a lack of mutual assent implicates concerns of valid contract formation, "`[a] contract of novation is created where a previous valid obligation is extinguished by a new valid contract, accomplished by the substitution of parties or of the undertaking, with the consent of all parties, and based on valid consideration.'" (Citation omitted.) Weirv. Martell (Aug. 27, 1997), Summit App. No. 18222, unreported, at 6; seeMcGlothin v. Huffman (1994), 94 Ohio App.3d 240, 244. Hence, we adduce that in either event the Reynoldses' suit is not subject to arbitration under the arbitration clause in the written contract as its application is limited to "[a]ny controversy or claim regarding this Agreement or the interpretation thereof[.]"
R.C. 2711.02 mandates that a trial court stay its proceedings where it is "satisfied that the issue involved in the action is referable to arbitration[.]" Here, whether by defect in formation or by novation, the Reynoldses assert that the contract in which the arbitration clause is contained was either never created or extinguished by a novation. Their suit is based upon an oral contract for the refund of the five thousand dollar payment entered into, if at all, after and apart from the contract which contains the arbitration clause. The written arbitration provision simply does not bear upon the oral contract herein alleged. See R.C.2711.02 and 2711.03. Accordingly, we find that the trial court did not abuse its discretion in overruling Lapos Construction's motion for stay pending arbitration. Lapos Construction's assignment of error is overruled.
Lapos Construction's sole assignment of error is overruled. The Avon Lake Municipal Court's decision is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J. CONCUR.
[1] Lapos Construction disputes these facts averring through sworn affidavits attached to its November 10, 2000 motion to stay that the written contract containing the arbitration provision was fully completed at the time it was executed.