NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 15, 2008
Decided February 6, 2008

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-4149

| | |
|---|---|
| RB&W MANUFACTURING LLC, by merger successor of RB&W Corp., *Plaintiff-Appellee,* v. WILLIAM M. BUFORD III, *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 02 C 8853 Samuel Der-Yeghiayan, *Judge*. |

**O R D E R**

In this contract dispute, the plaintiff, RB&W Manufacturing LLC, claims that the defendant, William M. Buford III, owes the balance of an $800,000 promissory note plus interest. Buford does not dispute that he failed to pay the note's principal by its maturity date. Rather, he asserts an affirmative defense, claiming that a novation occurred whereby he was relieved of his obligations to RB&W. RB&W contends that no novation ever took place. The district court (Judge Samuel Der-Yeghiayan) found insufficient evidence of a novation and accordingly granted RB&W's motion for summary judgment. The case is now before us on Buford's appeal.

        RB&W[1] is a limited liability company with its principal place of business in Ohio. Buford, a resident of Illinois, is the former chairman and CEO of Reliant Industries, Inc.,[2] an Illinois corporation. In August 1993, Reliant purchased an RB&W subsidiary, Capital Fastener, Inc. RB&W provided $6 million in financing for the acquisition. For his personal capital investment in the deal, Buford executed a written promissory note in which he promised to pay RB&W $800,000 plus interest by August 15, 1998. As part of the transaction, RB&W deposited $1 million into an escrow account to pay for environmental expenses that might arise at Capital Fastener's facilities.

        In December 1996, Reliant obtained new financing sufficient to retire RB&W's $6 million financing. At that time and at Buford's request, RB&W and Buford entered into another written agreement, providing for a new promissory note. The new note again had a principal amount of $800,000 plus interest, but the maturity date was extended to April 15, 2000. Buford signed and delivered the new note to RB&W, at which time RB&W surrendered the old note to Buford. It is undisputed that Buford failed to pay RB&W the new note's principal by its due date.

        In July 2000, meetings occurred between Buford and representatives of RB&W, Capital Fastener, and Park-Ohio Industries, Inc. (who acquired RB&W prior to 2000), the topic of which was the existing promissory note. According to Buford, the meetings produced an oral agreement, the terms of which were the following: (1) Reliant would replace Buford as obligor on the existing promissory note; (2) Reliant would make an "up-front" payment of $300,000 to RB&W, the bulk of which would come from the escrow account; (3) the remaining interest owed on the note would be waived, and the principal would be reduced to $700,000 at 7 percent interest, due in full within 3 years; (4) the principal would be reduced by $100,000 for each calendar year purchase of $1 million in nuts by Reliant from RB&W; and (5) mutual payment terms would apply to purchases between Reliant and RB&W.

        On July 11, 2000, Park-Ohio's general counsel, Ronald Cozean, sent Buford a letter to memorialize the agreements reached during the meetings. The letter iterated all the above points recited by Buford except the first--that is, it contained no reference to a substitution of Reliant for Buford as obligor of the promissory note. Buford did not respond to the letter.

---

        [1] RB&W Manufacturing LLC is by merger the successor of RB&W Corporation, a Delaware corporation. We will refer only to "RB&W" as we move through our decision.

        [2] Reliant Industries, Inc. (or Reliant Enterprises, Inc., as the parties appear to use these names interchangeably) maintained a wholly owned subsidiary called Reliant Holdings, Inc., a Michigan corporation. We will refer only to "Reliant" as we move along.

In August 2000, RB&W received a payment of $189,870.95 from the escrow account. One month later, an additional $10,129.05 was released to RB&W. In 2001, Reliant (at Buford's direction) made payments of $40,000 and $25,666.67 to RB&W.

On April 30, 2001, Reliant's president and COO, Emanuel (Manny) DeSantis, sent a letter to Park-Ohio, in reference to an $800,000 note "made by Reliant Industries in favor of RB&W." Later, in his affidavit, DeSantis explained that this statement "was included in the letter based upon Mr. Buford's representation to me" and that "Mr. Buford never showed me any documentation that Reliant was obligated to pay the $800,000 owed to RB&W." The letter also proposed an amended payment plan and requested that a Park-Ohio officer sign and return a copy to confirm the agreement. DeSantis testified that Reliant never received a countersigned copy from Park-Ohio.

On April 26, 2002, RB&W sent Buford a letter demanding payment in full of the note, the outstanding balance of which was $550,000 plus accrued interest. When Buford did not respond to the letter, RB&W filed suit. RB&W's first motion for summary judgment was denied because it failed to address Buford's novation argument. RB&W's second motion for summary judgment was granted.[3]

We review a grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party. Tanner v. Jupiter Realty Corp., 433 F.3d 913, 915 (7th Cir. 2006). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Once the moving party uncovers a hole in the opponent's case, the nonmoving party bearing the ultimate burden at trial "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). A mere scintilla of evidence will be insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party. Insolia v. Philip Morris Inc., 216 F.3d 596, 599 (7th Cir. 2000).

---

[3] RB&W subsequently filed a motion to amend, noting that the district court's judgment was not for a sum certain. Buford filed a motion for reconsideration. The district court denied both motions. Buford filed a notice of appeal from the grant of summary judgment and denial of his motion for reconsideration. RB&W renewed its motion for a sum certain judgment.

We initially dismissed Buford's appeal for lack of jurisdiction because the judgment did not include a sum certain. However, before our mandate issued, the district court granted RB&W's renewed motion for a sum certain judgment. Buford filed a motion to vacate that judgment for lack of jurisdiction. The district court granted the motion and vacated the judgment. It entered another sum certain judgment the same day, from which Buford appealed.

Because Buford admitted the allegations in RB&W's complaint, the only question is whether there is a genuine issue of fact as to whether a novation occurred whereby Reliant was substituted for Buford as obligor. Under Ohio law,[4] the elements of a novation are: (1) a valid, prior obligation to be displaced; (2) the consent of all the parties to the substitution; (3) sufficient consideration; (4) the extinction of the old obligation; and (5) the creation of a valid new one. Garrett v. Lishawa, 172 N.E. 845, 846 (Ohio Ct. App. 1930).

RB&W argues that Buford cannot create triable issues of fact on these elements. For instance, RB&W asserts that Buford fails to demonstrate that all the parties (Buford, Reliant, and RB&W) agreed to discharge Buford's obligation and substitute Reliant. The fact that Buford did not respond to Cozean's July 2000 letter--which listed payment terms but made no mention of a substitution of parties--is strong evidence that no such agreement was reached during the meetings. In addition, RB&W contends that Buford has not shown, as to him, sufficient consideration. The discharge of the existing obligation of a party is sufficient consideration for a novation. McGlothin v. Huffman, 640 N.E.2d 598, 601 (Ohio Ct. App. 1994). However, as discussed below, Buford has put forth no evidence that his existing obligation was extinguished. Rather, the fact that the new note was never surrendered to Buford supports RB&W's position. See Davlin v. Kowalk, 6 N.E.2d 798, 802 (Ohio Ct. App. 1935) (referencing an Ohio presumption against extinction where the note evidencing the old obligation is retained by the creditor). Finally, RB&W asserts that there is no proof of a valid new obligation entered into at the consent of all the parties attesting to Reliant's substitution for Buford as obligor.[5]

Instead of responding to these arguments and pointing to evidence supporting each of the elements of a novation in turn (a deficiency Judge Der-Yeghiayan emphasized in his opinion), Buford again chooses to skip the formalities. Instead, he summarily argues that he is entitled to a trial based on the allegations in his affidavit and circumstantial evidence that supposedly demonstrates the existence of a novation. RB&W contends that, even assuming this evidence somehow speaks to all of the elements of a novation, it is insufficient to prevent summary judgment. We agree.

For starters, Buford's testimony provides no information raising an issue of fact. In his affidavit, Buford states that during the July 2000 meetings, "an oral novation agreement was reached" between Park-Ohio's CEO, Edward Crawford, and himself. Throughout the affidavit, Buford refers to the "oral novation agreement" without ever providing factual support for this legal conclusion. In his most detailed statement of the events (which appeared in a supplemental

---

[4] The parties agree that, pursuant to the terms of the promissory note, Ohio law applies to their dispute.

[5] RB&W's brief contains a lengthy discussion of this element and the applicability of Ohio's statute of frauds to the alleged novation. Because the resolution of this issue is unnecessary to our holding, we will not address it.

affidavit), Buford says, "Mr. Crawford stated that, on behalf of RB&W, he accepted my proposal that Reliant Industries, Inc. replace me as the obligor upon the existing $800,000 promissory note in favor of RB&W[.]" But this allegation does nothing more that relate Buford's understanding of what happened, rather that state facts that would allow a court to make a legal determination--that is, who said what to whom. Because Buford's affidavit only provides conclusory allegations, it is insufficient to prevent summary judgment. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

Likewise, the parties' executed documents fail to raise a genuine issue of fact. In a somewhat confusing argument, Buford contends that Cozean's letter actually supports the existence of a novation because it confirmed that an "agreement" was reached during the July 2000 meetings. But, as we have already explained, although the letter addressed many points, it made no mention of substituting Reliant for Buford as obligor of the note. If the parties had discussed such an important substitution, we would have expected an immediate response from Buford, alerting RB&W to the letter's missing term. Buford, however, did nothing. This is strong evidence that, while the parties may have agreed to amend the note's payment plan, they did not agree to substitute Reliant for Buford as obligor.

Neither does the parties' conduct after the July 2000 meetings support the existence of a novation. Buford argues RB&W's acceptance of funds from Reliant (via the escrow account and company checks) without objection confirms that a novation took place. But a creditor's acceptance of payments from a third party on behalf of a debtor, without more, is insufficient to establish a novation. See Garrett, 172 N.E. at 846 ("It is not within the power of the original debtor to release himself from liability by contracting for the assumption of the debt by another. . . . [T]he assent of the creditor to the substitution is essential."). And, as previously explained, DeSantis's letter does not help Buford because its reference to the note "made by Reliant Industries in favor of RB&W" was included solely based upon Buford's representation, not DeSantis's independent knowledge. Based on this evidence, a finding that a novation occurred would be pure speculation. RB&W deserved its award of summary judgment. See State Bank of St. Charles v. Camic, 712 F.2d 1140, 1145 (7th Cir. 1983).

For these reasons, the judgment of the district court is AFFIRMED.