[Cite as *Freedom Mtge. Corp. v. LeBlanc*, 2012-Ohio-5100.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION | : | Appellate Case No. 25119 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case No. 2011-CV-6265 |
| | : | |
| v. | : | |
| | : | (Civil Appeal from |
| FRANCIS LeBLANC, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 2nd day of November, 2012.

. . . . . . . . . . .

BILL L. PURTELL, Atty. Reg. #0075250, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202
      Attorneys for Plaintiff-Appellee, Freedom Mortgage Corporation

FRANCIS LeBLANC, 2210 South Flanders Street, Aurora, Colorado 80013
      Defendant-Appellant, *pro se*

ANGELA LeBLANC, 5345 Manchester Road, Dayton, Ohio 45449
      Defendant-Appellee, *pro se*

GEORGE PATRICOFF, Atty. Reg. #0024506, Montgomery County Prosecutor's Office, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Defendant-Appellee, Montgomery County Treasurer

. . . . . . . . . . . . .

FRANK D. CELEBREZZE, JR., J. (By Assignment):

{¶1} Appellant, Francis Leblanc, brings the instant appeal challenging summary judgment granted in favor of appellee, Freedom Mortgage Co. ("Freedom"), in its foreclosure action filed against Francis and his former wife Angela Leblanc. After a thorough review of appellant's brief, we affirm the grant of summary judgment.

## I. Factual and Procedural History

{¶2} On September 16, 2008, Francis and Angela Leblanc executed a note and mortgage to borrow $111,751 from Freedom to finance the purchase of a home. The loan documents specified a 30-year loan with a fixed interest rate of 6.5 percent. The couple's marriage became untenable, and they sought a divorce. As part of the divorce, Francis agreed to give up his interest in the home and signed a quitclaim deed to Angela on March 26, 2010. Angela sought and was allowed a mortgage modification from Freedom. She signed a loan modification agreement dated September 23, 2010, but executed on October 28, 2010, between her and Freedom. The agreement increased the amount of indebtedness from $111,751 to $128,527 and decreased the interest rate to 4.875 percent. It also extended the period of the loan to October 1, 2040. Francis was not a party to this modification agreement, and the agreement did not purport to relieve him of any liability on the original note and mortgage.

{¶3} Angela did not timely remit monthly payments to Freedom. So, on September 21, 2011, Freedom filed a foreclosure action against her and Francis. Francis answered, pro se, arguing that he no longer had an interest in the property and that the mortgage modification relieved him of liability. Angela did not answer, and a default judgment was awarded against

her.

**{¶4}** On February 2, 2012, Freedom filed a motion for summary judgment. It argued that Francis was not released from liability under the original note and mortgage. Francis abandoned the arguments raised in his answer and asked the court for time to sell the property on his own so that he could obtain a fair price for the home. The trial court granted Freedom's motion for summary judgment on March 2, 2012. The court entered judgment jointly and severally against Francis and Angela for $128,527. Francis then appealed.

## II. Law and Analysis

**{¶5}** Francis does not set forth an assignment of error or statement of the issues in his brief to this court, as required by App.R. 16(A). This cause may be affirmed on these grounds alone. *Household Fin. Indus. Loan Co. v. Pierce*, 2d Dist. Montgomery No. 24909, 2012-Ohio-3501, ¶ 6. A pro se litigant "'is bound by the same rules and procedures as litigants who retain counsel.'" *Id.* at ¶ 5, quoting *Miner v. Eberlin*, 7th Dist. Belmont No. 08-BE-21, 2009-Ohio-934, ¶ 11.

**{¶6}** Francis has failed to set forth any assignments of error for our review. App.R. 16(A)(3) mandates that an appellant's brief must contain assignments of error presented for review with reference to the place in the record where each error is reflected.

**{¶7}** Even if he had properly set forth an error challenging summary judgment, he has not demonstrated that a material question of fact remains preventing the trial court from granting summary judgment.

**{¶8}** Francis argues in his appellate brief that the loan modification relieved him of liability and that he should not have been named in Freedom's foreclosure action. He

basically argues that a novation occurred and that he is no longer liable under the note and mortgage.

{¶9} Civ.R. 56(C) provides,

> [s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶10} This court reviews the grant of summary judgment de novo, meaning we take an independent review of the evidence without deference to the trial court's determination. *Brewer v. Cleveland City Schs. Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).

> Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor.

*United States Bank N.A. v. Higgins*, 2d Dist. Montgomery No. 24963, 2012-Ohio-4086, ¶ 11.

{¶11} Francis basically argues that there exists a genuine issue of fact regarding the Modification Agreement and whether that constitutes a novation relieving him from liability for the indebtedness. A novation "is created where a previous valid obligation is

extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration." *McGlothin v. Huffman*, 94 Ohio App.3d 240, 244, 640 N.E.2d 598 (12th Dist.1994), citing 18 Ohio Jurisprudence 3d, Contracts, Section 285, at 207 (1980). "A novation can never be presumed but must be evinced by a clear and definite intent on the part of all the parties to the original contract to completely negate the original contract and enter into the second." *Williams v. Ormsby*, 131 Ohio St.3d 427, 2012-Ohio-690, 966 N.E.2d 255, ¶ 18, citing *King Thompson, Holzer-Wollam, Inc. v. Anderson*, 10th Dist. Franklin No. 93APE08-1155, 1994 WL 14791, * 2 (Jan. 20, 1994). Further, "[i]t will be noted that under this rule, one of the essential elements of a novation is the extinction of the old obligation." *Davlin v. Kowalk*, 54 Ohio App. 222, 231-232, 6 N.E.2d 798 (6th Dist.1935).

{¶12} However, we need not reach the question of whether the modification agreement constitutes a novation because Francis did not rely on this argument when opposing summary judgment. While Francis generally stated these arguments in his answer to Freedom's complaint, he abandoned them in his response to Freedom's motion for summary judgment. There, he acknowledged that he is responsible for the original note and mortgage and asked the court for an opportunity to sell the property on the open market, rather than through judicial foreclosure. These arguments were not made in the alternative, alongside others disputing the debt and his obligation. Completely absent from his brief in opposition to summary judgment is any argument of a novation or claim that he is not responsible for the note and mortgage. Therefore, summary judgment was appropriately granted.

III.   Conclusion

**{¶13}** Francis's challenge of summary judgment generally, based on arguments not raised during summary judgment and, in some instances, contrary to his arguments in opposition to summary judgment, does not establish a genuine issue of material fact. Therefore, summary judgment was appropriately granted by the trial court.

**{¶14}** Judgment affirmed.

. . . . . . . . . .

FROELICH and HALL, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Bill L. Purtell
Francis LeBlanc
Angela LeBlanc
Mathias H. Heck
George Patricoff
Hon. Steven K. Dankof