JOURNAL ENTRY
{¶ 1} This is a clerical error only. It is hereby ordered that said journal entry and opinion of May 6, 2004 be amended nunc pro tunc to correct the error set forth above.
 {¶ 2} It is further ordered that, as so amended, said journal entry and opinion of May 6, 2004 shall stand in full force and effect in all its particulars.
 JOURNAL ENTRY AND OPINION
Defendant-appellant Robert W. Quinn ("Quinn") appeals from a decision of the Cuyahoga County Court of Common Pleas that granted plaintiff-appellee National City Financial Corporation's ("NCFC") motion in limine. For the following reasons, we reverse and remand
A review of the record reveals the following facts: In 1993, Quinn founded a corporation and limited liability company known as Dealers Monitoring Acceptance Corporation ("DMAC") and Dealers Monitoring Acceptance Limited Partnership ("DMALP").
On July 21, 1997, Quinn, on behalf of DMAC, entered into a loan agreement with NCFC for $200,000. The loan documents contain a "no oral modification clause," which requires that any changes to the agreement be in writing. Specifically, paragraph 13 of the promissory note provides, in pertinent part:
"No waiver, consent, or amendment shall be binding upon National City unless set forth in a writing (which writing shall be narrowly construed) signed by National City. No course of dealing in respect of, nor any omission or delay in the exercise of, any right, power, or privilege by National City shall operate as a waiver thereof * * *."
In addition, paragraph 15 of the promissory note contains an integration clause which provides that the loan documents constitute the entire agreement between the parties. The parties made three written amendments, the last one dated August 18, 1998, in which the loan was increased to $350,000.
On February 22, 2002, NCFC filed a complaint against Quinn for breach of contract and sought repayment on the loan agreement entered into between the parties. On April 5, 2002, Quinn filed a counterclaim and affirmative defense, alleging that the parties had discharged the loan obligation by virtue of an oral "walk-away" agreement. Specifically, Quinn alleged that NCFC agreed to forgive the amounts due on the loan if Quinn would agree not to sue NCFC in a lawsuit that was being instituted against the various lenders and investors in DMAC.
On September 16, 2002, ten days prior to trial, NCFC filed a motion in limine with the trial court arguing that Quinn should be barred from introducing any evidence relating to the oral walk-away agreement under the parol evidence rule. In response, Quinn argued that his oral agreement with NCFC was not barred by parol evidence because the parties did not modify the terms of the old contract but entered into a new contract of novation. Specifically, Quinn argued that in consideration for his promise to not sue NCFC or any of its related entities, NCFC would discharge the loan. Quinn further argued that in exact accordance with this promise: (1) In October 1998, NCFC stopped billing Quinn for the loan, stopped accruing interest on the loan, reduced the loan to a zero balance and wrote off the loan, and (2) in December 1998, Quinn filed suit against all DMAC investors except NCFC, styled Quinn v. First Capital Corp. of Chicago,
Cuyahoga County Court of Common Pleas Case No. CV-371221, which resulted in a settlement of $1.5 million dollars in February 2002.
On September 25, 2002, the trial court granted NCFC's motion in limine without opinion and the case proceeded to a bench trial where the parties entered into a joint stipulation that Quinn's evidence of the oral walk-away agreement would be deemed proffered for purposes of appeal. Quinn did not offer any evidence during the trial and judgment was entered in favor of NCFC and against Quinn in the amount of $695,000 plus 20% interest thereon from January 18, 2002. Quinn timely appeals the granting of the motion in limine and raises three assignments of error. We shall address the second assignment first.
"II. The trial court erred as a matter of law in finding that the oral contract of novation was not enforceable for want of a writing."
In his second assignment of error, Quinn argues that the trial court erred in granting the motion in limine and thereby finding that the oral walk-away agreement was unenforceable. We agree.
Parties to a binding contract may enter into a subsequent agreement to discharge the original obligation. Snell v. SalemAve. Assoc. (1996), 111 Ohio App.3d 23, 32. This contract of novation requires a mutual agreement between the parties for the discharge of the existing obligation and the substitution of a new obligation. Turtle Enterprises v. Liebowitz (Oct. 10, 1991), Cuyahoga App. No. 59126.
When determining whether the terms of one contract have been replaced by a subsequent contract under the theory of novation, consent to and acceptance of the terms of the new contract need not be express, but may be implied by the facts and circumstances attending the transaction and the conduct of the parties thereafter. National City Bank v. Reat Corporation, et al.
(1989), 64 Ohio App.3d 212, 216. See, also, McGlothin v.Huffman (1994), 94 Ohio App.3d 240, 244, citing Prinz v.Horvat (Mar. 1, 1989), Summit App. No. 13708 (a negotiable instrument may be discharged by an oral release or discharge entered into for valuable consideration).
Here, we find that reasonable minds could find that the parties entered into a valid contract of novation and that the oral "walk-away" agreement operated to discharge the rights and duties of the parties under the first. The record before this Court shows that in October 1998, shortly after Quinn alleges that the parties entered into the agreement, NCFC stopped billing Quinn for the loan, stopped accruing interest on the loan, reduced the loan to a zero balance, and wrote off the loan. This is evidence that the parties intended to extinguish the old debt and not merely modify the repayment terms of the original note, as suggested by NCFC. In addition, Quinn has demonstrated that in consideration for the discharge of the debt, Quinn did not file suit against NCFC in Quinn v. First Capital Corp. of Chicago,
Cuyahoga County Court of Common Pleas Case No. CV-371221, which resulted in a settlement of $1.5 million dollars in February 2002.
Since evidence of the oral "walk-away" agreement should have been presented to a jury, the motion in limine should not have been granted. Accordingly, we reverse the decision of the trial court and remand for trial.
This holding renders moot Quinn's remaining claims. See App.R. 12(A)(1)(c).
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Karpinski, J., concur.